JOURNAL ENTRY AND OPINION
{¶ 1} Michael Buehner has filed an application for reopening pursuant to App.R. 26(B). Buehner is attempting to reopen the appellate judgment, as rendered in State v. Buehner, Cuyahoga App. No. 81722, 2003-Ohio-3348, which affirmed his conviction for two counts of murder in violation of R.C. 2903.01. For the following reasons, we decline to reopen Buehner's appeal.
 {¶ 2} Initially, we find that the doctrine of res judicata prevents the reopening of Buehner's appeal. Res judicata may be applied to bar the further litigation of issues that were either raised or could have been raised through an appeal. See, generally, State v. Perry (1967), 10 Ohio St.2d 175,226 N.E.2d 104. A claim of ineffective assistance of appellate counsel may be barred from review by the doctrine of res judicata unless circumstances render the application of the doctrine unjust.State v. Murnahan (1992), 63 Ohio St.3d 60; 584 N.E.2d 1204. Herein, Buehner possessed a prior opportunity to argue the claim of ineffective assistance of appellate counsel through an appeal to the Supreme Court of Ohio. Buehner did file an appeal with the Supreme Court of Ohio, pro se, on August 21, 2003. Since the Supreme Court of Ohio dismissed Buehner's appeal on October 10, 2003, the doctrine of res judicata bars any further review of the claim of ineffective assistance of appellate counsel. We further find that the circumstances of this case do not render the application of the doctrine of res judicata unjust. State v.Dehler (1995), 73 Ohio St.3d 307, 652 N.E.2d 987; State v.Terrell (1995), 72 Ohio St.3d 247, 648 N.E.2d 1353; State v.Smith (Jan. 29, 1996), Cuyahoga App. No. 68643, reopening disallowed (June 14, 1996), Motion No. 71793.
 {¶ 3} A substantive review of Buehner's argument in support of his application for reopening fails to support the claim of ineffective assistance of appellate counsel. It is well established that counsel on appeal is not required to raise and argue assignments of error which are meritless. Jones v. Barnes
(1983), 463 U.S. 745, 103 S.Ct 3308, 77 L.Ed.2d 987. Appellate counsel cannot be considered ineffective for failing to raise every conceivable assignment of error on appeal. Id.; State v.Gumm (1995), 73 Ohio St.3d 413, 653 N.E.2d 253; State v.Campbell (1994), 69 Ohio St.3d 38, 630 N.E.2d 339. Buehner must establish the prejudice that resulted from the claimed deficient performance of appellate counsel and must further affirmatively establish that but for the deficient performance of appellate counsel, the result of his appeal would have been different. Thus, Buehner is required to establish that "there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal."
"In State v. Reed (1996), 74 Ohio St.3d 534, 535,660 N.E.2d 456, 458, we held that the two prong analysis found inStrickland v. Washington (1984),466 U.S. 668, 104 S.Ct 2052,80 L.Ed.2d 674, is the appropriate standard to assess a defense request for reopening under App.R. 26(B)(5). [Applicant] must prove that his counsel were deficient for failing to raise the issue he now presents, as well as showing that had he presented those claims on appeal, there was a `reasonable probability' that he would have been successful. Thus, [applicant] bears the burden of establishing that there was a `genuine issue' as to whether he has a `colorable claim' of ineffective assistance of counsel on appeal."
 {¶ 4} State v. Spivey (1998), 84 Ohio St.3d 24,701 N.E.2d 696, at 25.
 {¶ 5} Buehner raises six proposed assignments of error in support of his application for reopening. Buehner's first proposed assignment of error is that:
 {¶ 6} "The trial court erred as a matter of law by its failure to instruct the jury on the lesser included offense of involuntary manslaughter. Ineffective assistance of appellate counsel 6th Amendment."
 {¶ 7} The decision to request a jury instruction with regard to a lesser included offense constitutes trial strategy and does not establish ineffective assistance of trial counsel. State v.Griffie (1996), 74 Ohio St.3d 332, 658 N.E.2d 764. In addition, Buehner was not entitled to an instruction with regard to the lesser included offense of involuntary manslaughter since he denied any involvement in the charged offenses of murder. Statev. Taylor, Cuyahoga App. No. 79274, 2002-Ohio-7, reopening disallowed, 2003-Ohio-2295, Motion No. 346272.
 {¶ 8} Buehner's second proposed assignment of error is that:
 {¶ 9} "The defendant was prejudiced by the remarks of the prosecution who said his witness was a lying [sic] during her testimony and vouched for his witness testimony and made other bad remarks. Violating defendant's 6th and 14th Amendment rights."
 {¶ 10} The test for prosecutorial misconduct, as established by the Supreme Court of Ohio in State v. Lott (1991),51 Ohio St.3d 160, 555 N.E.2d 293, is whether the remarks are improper and, if so, whether the prosecutor's remarks prejudicially affected substantial rights of the defendant. See, also, Statev. Smith (1984), 14 Ohio St.3d 13, 470 N.E.2d 883. Any comments made by the prosecutor during closing argument were harmless in light of the overwhelming evidence of Buehner's guilt. Thus, Buehner was not prejudiced by the comments as made by the prosecutor during closing argument. State v. Norman, Cuyahoga App. No. 80702, 2002-Ohio-6043.
 {¶ 11} Buehner's third proposed assignment of error is that:
 {¶ 12} "The defendant was prejudiced by the tainted identification made by Lawone Edwards, which should have been suppressed. In violation of defendant's 14th Amendment rights to due process. Also ineffective assistance of counsel and appellate counsel."
 {¶ 13} In order to warrant the suppression of identification testimony, the defendant bears the burden of demonstrating that the identification process was impermissibly suggestive which gave rise to a very substantial probability of irreparable identification. The defendant must also demonstrate that the identification was unreliable based upon the totality of the circumstances. Neil v. Biggers (1972), 409 U.S. 188,93 S.Ct 375, 34 L.Ed.2d 401. The pretrial identification and in-court identification of Buehner as the shooter, by Lawone Edwards, was not so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification. Thus, Buehner has failed to demonstrate that the identification was flawed or that he was prejudiced. Manson v. Brathwaite (1977),432 U.S. 98, 97 S.Ct 2243, 53 L.Ed.2d 140.
 {¶ 14} Buehner's fourth proposed assignment of error is that:
 {¶ 15} "Ineffective assistance of counsel for not objeting [sic] to possible other acts of crimes by the defendant. In violation of the 6th and 14th Amendments and appellate counsel for not citing this error."
 {¶ 16} Buehner argues that his trial counsel "allowed many statements to go unchecked that should have been objected to." Buehner has failed to specify what statements were subject to objection by trial counsel or how he was prejudiced by the admission of the alleged improper statements. Strickland,
supra. In addition, Buehner has failed to demonstrate that any evidence was introduced during the course of trial which related to "other acts." Again, Buehner has failed to demonstrate that he was prejudiced by appellate counsel.
 {¶ 17} Buehner's fifth proposed assignment of error is that:
 {¶ 18} "Ineffective assistance of appellate counsel for failing to cite authorities to an assignment of error pursuant to appeal [sic] Rules 12(a) and 16(a) and to order parts of the transcripts that was [sic] needed. Violating due process 14th
Amendment due process."
 {¶ 19} Contrary to Buehner's argument, the issue of "jury questions" was addressed by appellate counsel through the first and second assignments of error as raised through his original appeal. See State v. Buehner, Cuyahoga App. No. 81722, 2003-Ohio-3348. This court found that no prejudice befell Buehner as a result of written questions submitted by the jury to any witness or questions submitted by the jury to the trial court. The doctrine of res judicata prevents further review of this issue. State v. Smith (1985), 17 Ohio St.3d 98,477 N.E.2d 1128; Vaughn v. Maxwell (1965), 2 Ohio St.2d 299,209 N.E.2d 164.
 {¶ 20} Buehner's sixth proposed assignment of error is that:
 {¶ 21} "Judicial misconduct on behalf of the trial court judge. Because the trial court judge showed biasness [sic], defendant was denied a fair trial. Violating 5th and 14th
Amendments. (Tr. P. 808 847-848)."
 {¶ 22} Buehner has failed to demonstrate in what capacity the trial court acted in a biased and prejudicial manner. In addition, the mere recitation of case law, which establishes the standards applicable to claims of judicial bias, does not demonstrate a claim of ineffective assistance of appellate counsel vis-a-vis a claim of prejudice. Strickland, supra;Murnahan, supra.
 {¶ 23} Having found that the six proposed assignments of error lack merit, we find that Buehner has failed to establish the claim of ineffective assistance of appellate counsel. Accordingly, we decline to reopen Buehner's original appeal.
 {¶ 24} The application for reopening is denied.
Application for reopening denied.
Blackmon, P.J., and Celebrezze, Jr., J., concur.