JOURNAL ENTRY AND OPINION
{¶ 1} On October 29, 2004, Jesus Ramirez filed an application for reopening pursuant to App. R. 26(B). He is attempting to reopen the appellate judgment that was rendered by this court in State v. Ramirez
(Nov. 8, 2001), Cuyahoga App. No. 78364. In that opinion, we affirmed Ramirez's convictions for one count of possession of marijuana and one count of preparation of drugs for sale. On November 16, 2004, the State of Ohio, through the Cuyahoga County Prosecutor's office, filed a memorandum of law in opposition to application for delayed reopening. Thereafter, on December 27, 2004, Ramirez submitted a supplementary brief in support of his application. For the following reasons, we decline to reopen Ramirez's appeal:
 {¶ 2} As mandated by App. R. 26(B)(2)(b), an application for reopening must be filed within ninety days of journalization of the appellate judgment which the applicant seeks to reopen. The applicant must establish "good cause" if the application for reopening is filed more than ninety days after journalization. State v. Cooey, 73 Ohio St.3d 411,1995-Ohio-328, 653 N.E.2d 252; State v. Reddick, 72 Ohio St.3d 88,1995-Ohio-249, 647 N.E.2d 784.
 {¶ 3} Here, Ramirez is attempting to reopen the appellate judgment that was journalized on November 19, 2001. He did not file his application for reopening until October 29, 2004, almost three years after journalization of the appellate judgement in State v. Ramirez, supra. Thus the application is untimely on its face.
 {¶ 4} Additionally, Ramirez failed to establish a "showing of good cause" for the untimely filing of his application for reopening. Ramirez states in his application that he recently became aware of new facts and as a layman, had no previous knowledge of the law. However, this court and the Supreme Court of Ohio have firmly established that a lack of legal training is not a viable ground for establishing "good cause" for the untimely filing of an application for reopening. State v. Klein
(Apr. 8, 1991), Cuyahoga App. No. 58389, reopening disallowed (Mar. 15, 1994), Motion No. 49260, affirmed (1994), 69 Ohio St.3d 1481,634 N.E.2d 1027; State v. Trammel (July 24, 1995), Cuyahoga App. No. 67834, reopening disallowed (Apr. 22, 1996), Motion No. 70493; State v.Travis (April 5, 1990), Cuyahoga App. No. 56825, reopening disallowed (Nov. 2, 1994), Motion No. 51073, affirmed 72 Ohio St.3d 317,1995-Ohio-152, 649 N.E.2d 1226. Additionally, ignorance of the law does not constitute good cause for failing to timely file an application for reopening. State v. Turner (Nov. 16, 1989), Cuyahoga App. No. 55960, reopening disallowed (Aug. 20, 2001), Motion No. 23221; State v. Railing
(Oct. 20, 1994), Cuyahoga App. No. 67137, reopening disallowed (Aug. 30, 1996), Motion No. 72596, at 2. Accordingly, Ramirez's application is fatally defective and must be denied.
 {¶ 5} The doctrine of res judicata also prohibits this court from reopening the original appeal. Errors of law that were either raised or could have been raised through a direct appeal may be barred from further review vis-a-vis the doctrine of res judicata. See, generally, State v.Perry (1967), 10 Ohio St.2d 175, 226 N.E.2d 1204. The Supreme Court of Ohio has further established that a claim for ineffective assistance of counsel may be barred by the doctrine of res judicata unless circumstances render the application of the doctrine unjust. State v.Murnahan (1992), 63 Ohio St.3d 60, 584 N.E.2d 1204.
 {¶ 6} Herein, Ramirez filed an appeal with the Supreme Court of Ohio which denied his request and dismissed the appeal. Because the issues of ineffective assistance of appellate counsel or the substantive issues listed in the application for reopening were raised or could have been raised, res judicata bars re-litigation of these matters. We further find that the application of res judicata would not be unjust.
 {¶ 7} Notwithstanding the above, Ramirez fails to establish that his appellate counsel was ineffective. In regard to claims of ineffective assistance of appellate counsel, the United States Supreme Court has upheld an appellate attorney's discretion to decide which issues he or she believes are the most fruitful arguments. "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue, if possible, or at most on a few key issues." Jones v. Barnes (1983), 463 U.S. 745,77 L.Ed.2d 987, 103 S.Ct. 3308. Additionally, appellate counsel is not required to argue assignments of error which are meritless. Barnes,
supra.
 {¶ 8} Thus, in order for the Court to grant the application for reopening, Ramirez must establish that "there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." App. R. 26(B)(5). "In State v. Reed, 74 Ohio St.3d 534,1996-Ohio-21, 535, 660 N.E.2d 456, 458, we held that the two prong analysis found in Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052, 80 L.Ed.2d 674, is the appropriate standard to assess a defense request for reopening under App. R. 26(B)(5). [Applicant] must prove that his counsel were deficient for failing to raise the issue he now presents, as well as showing that had he presented those claims on appeal, there was a `reasonable probability' that he would have been successful. Thus, [applicant] bears the burden of establishing that there was a `genuine issue' as to whether there was a `colorable claim' of ineffective assistance of counsel on appeal." State v. Spivey,84 Ohio St.3d 24, 25, 1998-Ohio-704, 701 N.E.2d 696.
 {¶ 9} To establish such claim, the applicant must demonstrate that counsel's performance was deficient and that deficiency prejudiced the defense. Strickland v. Washington (1984), 466 U.S. 688, 80 L.Ed.2d 674,104 S.Ct. 2052; State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, cert. denied (1990), 497 U.S. 1011, 110 S.Ct. 3258. Ramirez fails to establish any such deficiency.
 {¶ 10} In his application to reopen, Ramirez proposes the following assignments of error: 1) The trial court failed to comply with R.C. 2929.11(B); 2) The trial court violated R.C. 2929.14 in imposing non-minimum sentences without the required findings; 3) The sentence of eight years for an offender with no prior criminal record and who previously has not been under a community control sanction, violates R.C. 2929.14(B); and 4) Trial counsel, who was also appellate counsel, was ineffective for failing to challenge the sentence of the trial court.
 {¶ 11} Ramirez, however, failed to present any substantive argument or authority to support his assignments of error. "Merely asserting error is not sufficient for applicant to demonstrate that both counsel's performance was deficient and that the deficient performance prejudiced him." State v. Jackson (Jan. 20, 2000), Cuyahoga App. No. 75354, reopening disallowed 2002-Ohio-5817, Motion No. 341016; See also Statev. Kelly (Nov. 18, 1999), Cuyahoga App. No. 74912, reopening disallowed (June 21, 2000), Motion No. 12367; State v. Creasey (Nov. 23, 1994), Cuyahoga App. Nos. 65717 and 65718, reopening disallowed (Aug. 29, 2001), Motion No. 24781. Accordingly, the application to reopen is denied.
Sweeney, P.J., concurs.
 McMonagle, J., concurs.