JOURNAL ENTRY AND OPINION
On January 22, 2004, claiming ineffective assistance of appellate counsel, Yulias Gross applied, pursuant to App.R. 26(B), to reopen this court's judgment in State of Ohio v. Yulias Gross (Aug. 17, 2000), Cuyahoga App. No. 76836, in which this court affirmed the trial court's determination that Mr. Gross is a sexual predator. The State of Ohio filed its brief in opposition on October 14, 2004. For the following reasons, this court denies the application to reopen.
App.R. 26(B)(1) and (2)(b) require applications claiming ineffective assistance of appellate counsel to be filed within ninety days from journalization of the decision unless the applicant shows good cause for filing at a later time. The January 22, 2004 application was filed three years and five months after this court's decision. Thus, the application is untimely on its face.
Mr. Gross endeavors to show good cause by arguing that his appellate counsel failed to communicate with him and provide him with necessary records. In State v. Lamar (Oct. 15, 1985), Cuyahoga App. No. 49551, reopening disallowed (Nov. 15, 1995), Motion No. 63398, this court held that lack of communication with appellate counsel did not show good cause. Similarly in State v. White (Jan. 31, 1991), Cuyahoga App. No. 57944, reopening disallowed (Oct. 19, 1994), Motion No. 49174 and Statev. Allen (Nov. 3, 1994), Cuyahoga App. No. 65806, reopening disallowed (July 8, 1996), Motion No. 67054, this court rejected reliance on counsel as showing good cause. In State v. Rios (1991), 75 Ohio App.3d 288,599 N.E.2d 374, reopening disallowed (Sept. 18, 1995), Motion No. 66129, Mr. Rios maintained that the untimely filing of his application for reopening was primarily caused by the ineffective assistance of appellate counsel; again, this court rejected that excuse. Cf. State v. Moss (May 13, 1993), Cuyahoga App. Nos. 62318 and 62322, reopening disallowed (Jan. 16, 1997), Motion No. 75838; State v. McClain (Aug. 3, 1995), Cuyahoga App. No. 67785, reopening disallowed (Apr. 15, 1997), Motion No. 76811; and State v. Russell (May 9, 1996), Cuyahoga App. No. 69311, reopening disallowed (June 16, 1997), Motion No. 82351.
Mr. Gross also argues that under White v. Schotten (C.A. 6, 2000),201 F.3d 743, he has good cause for untimely filing because he did not have counsel to file an application to reopen, and/or one was not appointed for him. In Schotten the Sixth Circuit reasoned that App.R. 26(B) is part of the direct appeal process. Thus, the appellant-applicant has the right to counsel. If there is no counsel to file a timely application to reopen, good cause is shown. However, Mr. Gross' reliance on Schotten is misplaced. An application to reopen pursuant to App.R. 26(B) is in nature a postconviction petition. The Supreme Court of Ohio recognized this in Supreme Court Practice Rule II, Section 2(A)(4)(b): "The provision for delayed appeal applies to appeals on the merits and does not apply to appeals involving postconviction relief, including appeals brought pursuant to State v. Murnahan (1992), 63 Ohio St.3d 60, and App. R. 26(B)." Thus, an applicant has no right to counsel in filing the application, and he does not show good cause if he has no counsel to submit a timely App.R. 26(B) application. Cf. State v. Viceroy (May 20, 1996), Cuyahoga App. No. 68890, reopening disallowed (Mar. 25, 1999), Motion No. 1910 and State v. Wilson (1997), 80 Ohio St.3d 132,684 N.E.2d 1221.
Mr. Gross further argues that his inability to access the record presents good cause for untimely filing. However, the courts have repeatedly rejected the lack of records and the transcript as providing good cause. State v. Houston (1995), 73 Ohio St.3d 346, 652 N.E.2d 1018;State v. Abreu (May 5, 1997), Cuyahoga App. No. 70450, reopening disallowed (March 19, 1998), Motion No. 90318; State v. Collins (July 3, 1995), Cuyahoga App. No. 67165, reopening disallowed (Feb. 10, 1997), Motion No. 77984; and State v. Ward (Sept. 13, 1993), Cuyahoga App. No. 63355, reopening disallowed (Feb. 20, 1998), Motion No. 88968. Accordingly, this application is properly dismissed as untimely.
Moreover, Mr. Gross fails to establish that his appellate counsel was ineffective. In order to establish a claim of ineffective assistance of appellate counsel, the applicant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defense. Strickland v. Washington (1984), 466 U.S. 668, 80 L.Ed.2d 674,104 S.Ct. 2052; State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, cert. denied (1990), 497 U.S. 1011, 110 S.Ct. 3258.
In Strickland the United States Supreme Court ruled that judicial scrutiny of an attorney's work must be highly deferential. The Court noted that it is all too tempting for a defendant to second-guess his lawyer after conviction and that it would be all too easy for a court, examining an unsuccessful defense in hindsight, to conclude that a particular act or omission was deficient. Therefore, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action `might be considered sound trial strategy.'" Strickland,104 S.Ct. at 2065.
Specifically, in regard to claims of ineffective assistance of appellate counsel, the United States Supreme Court has upheld the appellate advocate's prerogative to decide strategy and tactics by selecting what he thinks are the most promising arguments out of all possible contentions. The court noted: "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." Jones v. Barnes (1983), 463 U.S. 745,77 L.Ed.2d 987, 103 S.Ct. 3308, 3313. Indeed, including weaker arguments might lessen the impact of the stronger ones. Accordingly, the Court ruled that judges should not second-guess reasonable professional judgments and impose on appellate counsel the duty to raise every "colorable" issue. Such rules would disserve the goal of vigorous and effective advocacy. The Supreme Court of Ohio reaffirmed these principles in State v. Allen, 77 Ohio St.3d 172, 1996-Ohio-366, 672 N.E.2d 638.
Moreover, even if a petitioner establishes that an error by his lawyer was professionally unreasonable under all the circumstances of the case, the petitioner must further establish prejudice; but, for the unreasonable error there is a reasonable probability that the results of the proceeding would have been different. A court need not determine whether counsel's performance was deficient before examining prejudice suffered by the defendant as a result of alleged deficiencies.
The Grand Jury charged Mr. Gross with one count each of rape, kidnapping and gross sexual imposition.[1] Pursuant to a plea bargain, in which the state dropped several specifications and reduced the kidnapping charge, Mr. Gross pleaded guilty to rape, abduction and gross sexual imposition. The trial judge sentenced him to ten years for the rape and abduction, which the judge merged for sentencing, and four years for gross sexual imposition to be served consecutively with the rape and abduction sentences.
Mr. Gross now asserts that his appellate counsel should have argued that the trial judge did not comply with the sentencing statutes in imposing the maximum sentence for rape and in ordering consecutive sentences. He further submits that his appellate counsel should have argued that the rape and gross sexual imposition charges were allied offenses of similar import, requiring merger of sentence, and that the judge erred in not holding a hearing to determine whether they were properly considered allied offenses.
Mr. Gross' first argument, that the court did not comply with R.C.2929.14(B), is ill-founded. A review of the record shows that the trial court judge made the necessary finding that more than the minimum terms for both counts was necessary because not to do so would demean the seriousness of the offense. The trial judge also made the necessary finding that the maximum sentence for rape was appropriate because the rape was the worse form of the offense due to the age of the victim and the amount of injury to her. Previously, the judge found that the rape caused significant bleeding and required hospital treatment. (Tr. pps. 25-27.)
Moreover, it is understandable why appellate counsel would in the exercise of professional judgment decline to raise the argument that the trial judge did not comply with R.C. 2929.14(E)(4) in imposing consecutive sentences. That statute requires three findings. First, the court must find that consecutive sentences are necessary to protect the public from future crime or to punish the offender. Second, the court must find that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. Third, the court must find the existence of one of the enumerated circumstances in subsections a through c, including that the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender or that the harm caused by the multiple offenses was so great that no single prison term for any of the offenses committed as part of a single course of action adequately reflects the seriousness of the offender's conduct. Additionally, the court must give its reasons for its findings. State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165. However, the court is not obligated to cite any magic or talismanic words in making these findings and in giving reasons. State v. Stribling (Dec. 10, 1998), Cuyahoga App. No. 74715.
The trial court "checked off" each of the requirements of the statute. The court found that based on Mr. Gross' prior juvenile record and his action in this case, he posed a GREAT danger to the public. (Emphasis made by the court.) Thus, the court found that consecutive sentences were not disproportionate to the danger the offender poses to the public, the second requirement. Next, the court found that the harm caused by the rape was so great and unusual that a single prison term for the offenses is inadequate, or inadequately reflects the seriousness of the conduct, the third requirement. Finally the court found that consecutive sentences are necessary to protect the public from future crimes committed by the defendant, the first requirement. The court previously gave its reasons, the long juvenile record of the defendant, the victim's age, and the serious injury inflicted on her. Thus, appellate counsel could conclude that the trial court had complied with the statute, and that this was a weak argument.
Furthermore, in 1999 and 2000 when appellate counsel prepared and argued this case, the law in Ohio was unsettled on these issues. Appellate counsel is not deficient for failing to anticipate developments in the law or failing to argue such an issue. Comer; State v. Williams
(1991), 74 Ohio App.3d 686, 600 N.E.2d 298; State v. Columbo (Oct. 7, 1987), Cuyahoga App. No. 52715, reopening disallowed (Feb. 14, 1995), Motion No. 55657; State v. Munici (Nov. 30, 1987), Cuyahoga App. No 52579, reopening disallowed (Aug. 21, 1996), Motion No. 71268, at 11-12: "appellate counsel is not responsible for accurately predicting the development of the law in an area marked by conflicting holdings * * *";State v. Harey (Nov. 10, 1997), Cuyahoga App. No. 71774, reopening disallowed (July 7, 1998), Motion No. 90859; State v. Sanders (Oct. 20, 1997), Cuyahoga App. No. 71382, reopening disallowed, (Aug. 25, 1998), Motion No. 90861; State v. Bates (Nov. 20, 1997), Cuyahoga App. No. 71920, reopening disallowed (Aug. 19, 1998), Motion No. 91111; and Statev. Whittaker (Dec. 22, 1997), Cuyahoga App. No. 71975, reopening disallowed, (July 28, 1998), Motion No. 92795.
Nor can appellate counsel be faulted for not raising the allied offenses of similar import arguments. A review of the transcript reveals that as part of the plea agreement the rape and kidnapping charges would merge, but the gross sexual imposition charge would remain separate and that the court could sentence Mr. Gross to consecutive terms on that count. That was made clear during the plea hearing, and defense counsel again conceded the point during the sentencing hearing. Appellate counsel in the exercise of professional judgment could clearly decline to raise an already weak argument that would be further subjected to the counter-argument of waiver.[2]
Accordingly, this court denies the application to reopen.
Karpinski, P.J., Concurs McMonagle, J., Concurs.
[1] Mr. Gross, then eighteen, led a twelve year-old, mentally impaired girl into his house under the pretense of watching television. Instead, he raped her and severely injured her genital region. He also reached under her shirt to feel her breasts.
[2] Under R.C. 2941.25 if the offenses are committed separately or with a separate animus as to each, then the defendant may be convicted of each offense. Thus there are many cases in which the defendant has been convicted of both rape and gross sexual imposition and in some of which the court sentenced the defendant to consecutive sentences. State v.Sparks (Nov. 4, 1991), Brown App. No. CA 91-02-004; State v. Vines (Sept. 14, 19989), Cuyahoga App. No. 55693; State v. Waters, Ashland App. No. 03-COA-002, 2003-Ohio-4624; and State v. Bell (March 29, 1990), Cuyahoga App. No. 56811.