JOURNAL ENTRY AND OPINION
{¶ 1} In State v. Mosley (Cuyahoga County Court of Common Pleas Case No. CR-388577), applicant, Jawan Mosley, pleaded guilty to felonious assault. This court affirmed that judgment inState v. Mosely,[1] Cuyahoga App. No. 79463, 2002-Ohio-1101. Mosley did not appeal to the Supreme Court of Ohio.
 {¶ 2} Mosley has filed with the clerk of this court an application for reopening. He asserts that he was denied the effective assistance of appellate counsel because his appellate counsel did not assign the purported errors challenging what Mosley characterizes as an "incorrect journal entry of conviction and sentence." We deny the application for reopening. As required by App.R. 26(B)(6), the reasons for our denial follow.
 {¶ 3} Initially, we note that App.R. 26(B)(1) provides, in part: "An application for reopening shall be filed * * * within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time." App.R. 26(B)(2)(b) requires that an application for reopening include "a showing of good cause for untimely filing if the application is filed more than ninety days after journalization of the appellate judgment."
 {¶ 4} This court's decision affirming applicant's conviction was journalized on March 25, 2002. The application was filed on October 20, 2004, clearly in excess of the ninety-day limit. Mosley states that his failure to timely file the application was due to: the ineffective assistance of his appellate counsel on direct appeal; "his own inability to have identified errors of counsel on this state action within time required, and his lack of legal training, skill and understanding of the practices and procedures of the appellate courts." Application, at 2. This court has previously rejected the argument that the ineffective assistance of counsel on direct appeal is a sufficient basis for permitting the untimely filing of an application for reopening.State v. Gross, Cuyahoga App. No. 76836, 2005-Ohio-1664, at 2-3, citing State v. Rios (1991), 75 Ohio App.3d 288,599 N.E.2d 374, reopening disallowed (Sept. 18, 1995), Motion No. 66129. Similarly, it is well-established that a lack of legal training does not establish "good cause" for the untimely filing of an application for reopening. State v. Ramirez, Cuyahoga App. No. 78364, 2005-Ohio-378, at ¶ 4.
 {¶ 5} The grounds asserted by Mosley do not, therefore, constitute good cause for the untimely filing of the application. Applicant's failure to demonstrate good cause is a sufficient basis for denying the application for reopening.
 {¶ 6} Applicant's request for reopening is also barred by res judicata. "The principles of res judicata may be applied to bar the further litigation in a criminal case of issues which were raised previously or could have been raised previously in an appeal. See generally State v. Perry (1967), 10 Ohio St.2d 175,22 N.E.2d 104, paragraph nine of the syllabus. Claims of ineffective assistance of appellate counsel in an application for reopening may be barred by res judicata unless circumstances render the application of the doctrine unjust. State v.Murnahan (1992), 63 Ohio St.3d 60, 66, 584 N.E.2d 1204." Statev. Williams (Mar. 4, 1991), Cuyahoga App. No. 57988, reopening disallowed (Aug. 15, 1994), Motion No. 52164.
 {¶ 7} Applicant did not appeal this court's decision to the Supreme Court of Ohio. "The issue of whether appellate counsel provided effective assistance must be raised at the earliest opportunity to do so. State v. Williams (1996),74 Ohio St.3d 454, 659 N.E.2d 1253. In this case, applicant possessed an earlier opportunity to contest the performance of his appellate counsel in a claimed appeal of right to the Supreme Court of Ohio. Applicant did not appeal the decision of this court to the Supreme Court of Ohio and has failed to provide this court with any reason for not pursuing such further appeal and/or why the application of res judicata may be unjust. Accordingly, the principles of res judicata prevent further review. State v.Borrero (Apr. 29, 1996), Cuyahoga App. No. 69289, unreported, reopening disallowed (Jan. 22, 1997), Motion No. 72559." Statev. Bugg (Oct. 12, 1999), Cuyahoga App. No. 74847, reopening disallowed (Apr. 7, 2000), Motion No. 13465, at 6.
 {¶ 8} We also deny the application on the merits. Having reviewed the arguments set forth in the application for reopening in light of the record, we hold that applicant has failed to meet his burden to demonstrate that "there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." App.R. 26(B)(5). In State v. Spivey (1998),84 Ohio St.3d 24, 1998-Ohio-704, 701 N.E.2d 696, the Supreme Court specified the proof required of an applicant:
"In State v. Reed (1996), 74 Ohio St.3d 534, 535,660 N.E.2d 456, 458, we held that the two prong analysis found inStrickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052,80 L.Ed.2d 674, is the appropriate standard to assess a defense request for reopening under App.R. 26(B)(5). [Applicant] must prove that his counsel were deficient for failing to raise the issues he now presents, as well as showing that had he presented those claims on appeal, there was a `reasonable probability' that he would have been successful. Thus [applicant] bears the burden of establishing that there was a `genuine issue' as to whether he has a `colorable claim' of ineffective assistance of counsel on appeal."
Id. at 25. Applicant cannot satisfy either prong of theStrickland test. We must, therefore, deny the application on the merits.
 {¶ 9} Mosley posits three purported assignments of error. Each is based upon what Mosley refers to as an "incorrect journal entry of conviction and sentence." Application, at 5. He also refers to an "incorrect plea of guilty to felonious assault." Id. at 6.
 {¶ 10} We agree with counsel for appellee, however, that the application is incomprehensible. In his application, Mosley sets forth numerous legal principles, citations and quotations. This amalgam of authority does not constitute a comprehensible argument or articulation of assignments of error.
 {¶ 11} This court has previously denied an application for reopening as "barely comprehensible." State v. Kelly (Nov. 18, 1999), Cuyahoga App. No. 74912, reopening disallowed (June 21, 2000), Motion No. 12367, at 9. In Kelly, this court held that:
"the mere recitation of assignments of error is not sufficientto meet applicant's burden to `prove that his counsel weredeficient for failing to raise the issues he now presents, aswell as showing that had he presented those claims on appeal,there was a "reasonable probability" that he would have beensuccessful.' Spivey, supra."
Id. at 7. Mosley has cited many legal authorities but has not made any argument to prove that his appellate counsel was deficient.
 {¶ 12} Merely asserting that counsel was deficient is not sufficient to establish a genuine issue as to whether appellate counsel was ineffective. State v. Hicks, Cuyahoga App. No. 83981, 2004-Ohio-5223, reopening disallowed, 2005-Ohio-1842, Motion No. 366790, at ¶ 8. "[T]he mere recitation of case law, which establishes the standards applicable to claims of judicial bias, does not demonstrate a claim of ineffective assistance of appellate counsel vis-a-vis a claim of prejudice. Strickland,supra; Murnahan, supra." State v. Buehner, Cuyahoga App. No. 81722, 2003-Ohio-3050, reopening disallowed, 2004-Ohio-463, Motion No. 353159, at ¶ 22. Likewise, Mosley's application cites numerous authorities on a variety of topics, but it contains essentially no argument explaining Mosley's rationale for asserting that the journal entry stating the trial court's finding of guilt and imposing Mosley's sentence is "incorrect." Mosley has failed, therefore, to provide this court with any basis for concluding that his appellate counsel was deficient or that Mosley was prejudiced by counsel's performance.
 {¶ 13} As a consequence, applicant has not met the standard for reopening. Accordingly, the application for reopening is denied.
Blackmon, A.J., and Calabrese, JR., J., concur.
[1] The spelling "Mosely" appears in the original caption of this court's journal entry and opinion disposing of the direct appeal. "Mosley" is the spelling used in the trial court record and by applicant pro se in his application for reopening.