JOURNAL ENTRY AND OPINION
{¶ 1} In State v. Morgan, Cuyahoga County Court of Common Pleas Case No. CR-214140, applicant was convicted of aggravated murder with a firearm specification. This court affirmed that judgment in State v.Morgan (Mar. 16, 1989), Cuyahoga App. No. 55341. The Supreme Court of Ohio overruled Morgan's motion for leave to appeal in State v.Morgan (1989), 44 Ohio St.3d 706, 541 N.E.2d 626.
 {¶ 2} Morgan has filed with the clerk of this court an application for reopening. He asserts that he was denied the effective assistance of appellate counsel because his appellate counsel did not assign as error on appeal that the court of common pleas lacked jurisdiction "to try and sentence Applicant for aggravated murder with a gun specification when the amended indictment journal entry clearly states the indictment is for involuntary manslaughter without a gun specification." Application, at 4. We deny the application for reopening. As required by App.R. 26(B)(6), the reasons for our denial follow.
 {¶ 3} Initially, we note that App.R. 26(B)(1) provides, in part: "An application for reopening shall be filed * * * within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time." App.R. 26(B)(2)(b) requires that an application for reopening include "a showing of good cause for untimely filing if the application is filed more than ninety days after journalization of the appellate judgment." *Page 4 
 {¶ 4} This court's decision affirming applicant's conviction was journalized on March 27, 1989. The application was filed on June 18, 2007, clearly in excess of the ninety-day limit.
 {¶ 5} The Supreme Court has upheld judgments denying applications for reopening solely on the basis that the application was not timely filed and the applicant failed to show "good cause for filing at a later time." App.R. 26(B)(1). See, e.g., State v. Gumm, 103 Ohio St.3d 162,2004-Ohio-4755, 814 N.E.2d 861; State v. LaMar, 102 Ohio St.3d 467,2004-Ohio-3976, 812 N.E.2d 970. We need not, therefore, examine the merits of this application if Morgan has not demonstrated good cause for failing to file a timely application.
 {¶ 6} Initially, we note that Morgan has filed his application for reopening more than 15 years after the Supreme Court decided State v.Murnahan (1992), 63 Ohio St.3d 60, 584 N.E.2d 1204, and almost 14 years after the effective date of App.R. 26(B), governing applications for reopening. As grounds for good cause for the delay in filing his application for reopening Morgan argues: he has been in prison for 20 years and has no access to court records; his trial and appellate counsel (who were the same two lawyers) did not discuss with Morgan the entry amending the indictment nor did they give him a copy.
 {¶ 7} It is well-established that "inability to access the record," reliance on counsel as well as the failure of appellate counsel "to communicate with him and provide him with necessary records" do not provide a basis for finding that an *Page 5 
applicant has good cause for the untimely filing of an application for reopening. Application, at 3-4. See, e.g., State v. Gross, Cuyahoga App. No. 76836, 2005-Ohio-1664, at 2-5. Morgan's failure to demonstrate good cause is a sufficient basis for denying the application for reopening. See also: State v. Collier (June 11, 1987), Cuyahoga App. No. 51993, reopening disallowed 2005-Ohio-5797, Motion No. 370333; State v.Garcia (July 8, 1999), Cuyahoga App. No. 74427, reopening disallowed2005-Ohio-5796, Motion No. 370916. As a consequence, Morgan has not met the standard for reopening.
 {¶ 8} We also note that Morgan's argument in support of his proposed assignment of error is, at best, disingenuous. As the state correctly observes, although the court of common pleas issued a journal entry amending the indictment for aggravated murder with a firearm specification to involuntary manslaughter without a firearm specification, that amendment occurred in the context of the trial court's accepting Morgan's guilty plea. Morgan, however, filed a motion to vacate the plea — which was granted — and the jury ultimately found him guilty of aggravated murder and the firearm specification.
 {¶ 9} Accordingly, the application for reopening is denied.
 CHRISTINE T. MCMONAGLE, J., and ANN DYKE, J., CONCUR. *Page 1