JOURNAL ENTRY AND OPINION
{¶ 1} On September 30, 2008, Richard Fears filed an application for reopening pursuant to App. R. 26(B). He is attempting to reopen the appellate judgment that was rendered by this court in State v.Fears (June 2, 2008), Cuyahoga App. No. 89989. In that opinion, we affirmed his conviction for gross sexual imposition. For the following reason, we decline to reopen Fear's appeal:
 {¶ 2} App. R. 26(B)(1) provides, in part: "An application for reopening shall be filed * * * within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time." App. R. 26(B)(2)(b) requires that an application for reopening include "a showing of good cause for untimely filing *Page 3 
if the application is filed more than ninety days after journalization of the appellate judgment."
 {¶ 3} This court's decision affirming applicant's conviction was journalized on June 2, 2008. However, Fears did not file his application for reopening until September 30, 2008, clearly in excess of the ninety-day limit.
 {¶ 4} The Supreme Court has upheld judgments denying applications for reopening solely on the basis that the application was not timely filed and the applicant failed to show "good cause for filing at a later time." App. R. 26(B)(1). See, e.g., State v. Gumm, 103 Ohio St.3d 162,2004-Ohio-4755, 814 N.E.2d 861; State v. LaMar, 102 Ohio St.3d 467,2004-Ohio-3976, 812 N.E.2d 970. We need not, therefore, examine the merits of this application if Fears failed to demonstrate good cause for failing to file a timely application.
 {¶ 5} In his application, Fears argues that his counsel failed to inform him in a timely manner of the outcome of his appeal. This failure, Fears contends, denied him the, "adequate opportunity to avail himself of post-judgment remedies . . ." However, this court has consistently found that the failure of appellate counsel to communicate with his client does not constitute good cause. State v. Morgan (Mar. 16, 1989), Cuyahoga App. No. 55341, reopening disallowed,2007-Ohio-5532, Motion No. 397723; State v. Gross, Cuyahoga App. No. 76836, 2005-Ohio-1664, at 2-5. Fear's failure to demonstrate good cause is a sufficient basis for denying his application for reopening. See also State v. Collier (June 11, 1987), Cuyahoga App. *Page 4 
No. 51993, reopening disallowed 2005-Ohio-5797, Motion No. 370333;State v. Garcia (July 8, 1999), Cuyahoga App. No. 74427, reopening disallowed 2005-Ohio-5796, Motion No. 370916. As a consequence, Fears has not met the standard for reopening.
 {¶ 6} Accordingly, the application for reopening is denied.
 JAMES J. SWEENEY, A.J., and SEAN C. GALLAGHER, J., CONCUR *Page 1