[Cite as *State v. Miklas*, 2013-Ohio-5169.]

STATE OF OHIO, BELMONT COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | CASE NO. 11 BE 1 |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| - VS - | ) | OPINION |
| | ) | AND |
| ROBERT L. MIKLAS, | ) | JUDGMENT ENTRY |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |


CHARACTER OF PROCEEDINGS:　　　　Application for Reopening,
　　　　　　　　　　　　　　　　　　　　　　　　Criminal Appeal from Common Pleas
　　　　　　　　　　　　　　　　　　　　　　　　Court, Case No. 08 CR 170.


JUDGMENT:　　　　　　　　　　　　　　　Application Denied.


APPEARANCES:
For Plaintiff-Appellee:　　　　　　　　　　Attorney Chris Berhalter
　　　　　　　　　　　　　　　　　　　　　　　　Prosecuting Attorney
　　　　　　　　　　　　　　　　　　　　　　　　147-A West Main Street
　　　　　　　　　　　　　　　　　　　　　　　　St. Clairsville, OH　43950


For Defendant-Appellant:　　　　　　　　Robert Miklas, Pro-se
　　　　　　　　　　　　　　　　　　　　　　　　Ross Correctional Inst.
　　　　　　　　　　　　　　　　　　　　　　　　P.O. Box 7010
　　　　　　　　　　　　　　　　　　　　　　　　16149 S.R. 104
　　　　　　　　　　　　　　　　　　　　　　　　Chillicothe, OH　45601


JUDGES:
Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Joseph J. Vukovich

　　　　　　　　　　　　　　　　　　　　　　　　Dated:　November 8, 2013

PER CURIAM:

{¶1} On August 12, 2013, Appellant Robert Miklas, acting pro-se, filed an application for delayed reopening of his appeal based on a claim of ineffective assistance of appellate counsel pursuant to App. R. 26(B). The State has not filed a response. Because Miklas has failed to demonstrate good cause for the untimeliness of the application, we decline to reopen his appeal.

{¶2} Following a jury trial, Miklas was convicted of two counts of rape with the victim being less than ten years of age at the time of the offenses. Following a sentencing hearing, the trial court's journal entry of December 27, 2010 imposed a sentence of concurrent terms of 15 years to life on each count and also classified Miklas as a Tier III sex offender.

{¶3} Miklas filed a direct appeal asserting the trial court failed to suppress evidence and that his conviction was against the weight of the evidence. *See State v. Miklas*, 7th Dist. No. 11 BE 1, 2012-Ohio-2584. This court affirmed and Miklas did not appeal to the Ohio Supreme Court.

{¶4} App.R. 26(B) allows a criminal defendant to challenge the constitutional effectiveness of appellate counsel. However, the rule provides that an application for reopening must be filed "within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time." Miklas has failed to meet this deadline. Our opinion in his direct appeal was journalized on June 6, 2012. Miklas filed his application for reopening on August 12, 2013, almost a year after the deadline expired. Thus, we can only review the merits of Miklas' application if he can establish good cause for his untimely filing.

{¶5} Miklas contends that he failed to file the application sooner because all inquiries to appellate counsel went unanswered and "for whatever reasons unknown" to him, he did not receive a copy of the opinion until June 4, 2013.

{¶6} The failure of appellate counsel to communicate with his client does not constitute good cause. *State v. Morgan*, 8th Dist. No. 55341, 2007-Ohio-5532, ¶7. Further, the fact that Miklas was incarcerated or untrained in the law does not establish

good cause. *See State v. Dew,* 7th Dist. No. 08 MA 62, 2012-Ohio-434, ¶8; *State v. Ramirez,* 8th Dist. No. 78364, 2005-Ohio-378, ¶4.

{¶7} Because Miklas has failed to establish good cause for the delay in filing, his application for reopening is denied.

DeGenaro, P.J., concurs.

Donofrio, J., concurs.

Vukovich, J., concurs.