JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Michael Lawson appeals from his convictions after a jury trial on two counts of aggravated robbery.
 {¶ 2} Lawson challenges his convictions on the grounds they are sustained by neither sufficient evidence nor the weight of the evidence. The record supports a conclusion that one of Lawson's convictions is improper. Consequently, his conviction for violation of R.C. 2911.01(A)(1) is affirmed, but his conviction for violation of R.C. 2911.01(A)(3) is vacated.
 {¶ 3} Lawson's convictions result from an incident that occurred in the early morning hours of November 4, 2003. The victim, Danilo Reyes, had just returned at approximately 2:30 a.m., to Cleveland from a trip to Florida. Reyes decided to walk from the Greyhound bus station to Public Square, where he could take local public transportation to his home. Reyes carried with him his luggage and a backpack.
 {¶ 4} Upon reaching Public Square, a man Reyes later identified as Lawson approached him. Lawson was in the company of a young woman. According to Reyes' testimony at trial, the following series of events occurred.
 {¶ 5} Lawson and the woman[1] asked Reyes if he had any money. Reyes responded that he had only enough to pay for his ticket home. Lawson "pulled out a gun" and demanded "everything." Reyes described the weapon as "probably black and silver," later elaborating that he was sure it was a "semiautomatic."
 {¶ 6} Reyes hardly had a chance to comply, since Lawson simply "snatched" his luggage and his backpack and ran across the street, leaving both the woman and Reyes "standing there." Once across the street, Lawson met with a group of approximately six other men, opened one of the pieces of luggage, and began "dispersing all [his] stuff" onto the sidewalk.
 {¶ 7} This action angered Reyes, who, rather than retreating, walked toward the group, but reconsidered when the group displayed a threatening demeanor. Instead, he turned his attention to Lawson "running with [his] other luggage."
 {¶ 8} Reyes kept Lawson in sight, let the woman simply "walk off with [his] backpack," and followed Lawson over to the Cleveland Public Library building. Lawson took the luggage down an adjacent outdoor stone stairwell. By the time Reyes arrived at that location, Lawson was "looking through" the suitcase. Lawson heard his arrival and demanded to know whether Reyes "want[ed] something;" at that point, Reyes decided to leave Lawson alone and to summon the police.
 {¶ 9} The police responded at approximately 3:00 a.m., to a dispatch regarding "a man robbed at gunpoint" on Public Square. By the time a patrol vehicle encountered Reyes, no sign remained of either Lawson or the others.
 {¶ 10} According to Reyes' testimony, six days later, on November 10, 2003, after he had completed work for the day at his job in Tower City, he noticed Lawson again. Lawson drew Reyes' attention because he was wearing a unique jacket Reyes recently had purchased in Florida. Reyes approached a police officer, informed him of what he had seen, and directed the officer to Lawson. Lawson was arrested.
 {¶ 11} Lawson later gave an oral statement to the detective assigned to the case. At first, Lawson stated he had purchased the jacket locally and had no involvement in the incident. Upon being confronted with the fact that the jacket was unavailable in Ohio, Lawson changed his story. He admitted that he had "grabb[ed] a bag [from Reyes] and took off running" with it, and, while in the stairwell, had made a threatening gesture toward Reyes with "a stick," but denied using a gun and denied taking any clothing. Lawson claimed that what he had taken from Reyes was a bag of marijuana. Lawson further claimed that when he fled from the stairwell, he had been "emptyhanded." Lawson explained his possession of the jacket by claiming he had returned to the stairwell during daylight hours to find the jacket abandoned nearby.
 {¶ 12} Lawson subsequently was indicted on three counts as follows: 1) aggravated robbery, R.C. 2911.01(A)(1); 2) aggravated robbery, R.C.2911.01(A)(3); and, 3) having a weapon while under disability, R.C.2923.13. Each of the first two counts carried both a one-year and a three-year firearm specification.
 {¶ 13} Lawson's case proceeded to a jury trial. The state presented the testimony of three witnesses, viz., Reyes, an officer who responded to the scene, and the detective assigned to the case. For purposes of the third count of the indictment, the prosecutor and defense counsel stipulated that Lawson previously had been convicted of aggravated assault and attempted possession of drugs. The trial court thereafter denied Lawson's motions for acquittal on the charges.
 {¶ 14} In his defense, Lawson presented the testimony of the woman who claimed to have accompanied him on the night of the incident; this witness indicated she was some distance from Lawson during his initial encounter with the victim. She stated she saw Lawson "running away" with the victim's bags, but did not see Lawson with a weapon.
 {¶ 15} The jury ultimately found Lawson guilty of two counts of aggravated robbery, but not guilty of the firearm specifications, and not guilty of having a weapon while under disability.
 {¶ 16} During Lawson's subsequent sentencing hearing, the trial court determined his convictions "merged" for purposes of sentencing and imposed upon him "concurrent" terms of four years "as to each of counts 1 and 2."
 {¶ 17} Lawson challenges his convictions in this appeal with the following two assignments of error:
 {¶ 18} "I. The trial court erred in denying appellant's motion (sic) for judgment of acquittal.
 {¶ 19} "II. Appellant's conviction (sic) on Counts (1) and (2) of the indictment is (sic) against the manifest weight of the evidence."
 {¶ 20} Lawson argues that his convictions are supported by neither sufficient evidence nor the weight of the evidence; therefore, the trial court improperly denied his motion for judgment of acquittal as to each of the charges. Upon a review of the record, this court finds his argument persuasive only in part.
 {¶ 21} Pursuant to Crim.R. 29(A), a trial court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether the material elements of a crime have been proven beyond a reasonable doubt. State v.Bridgeman (1978), 55 Ohio St.2d 261. The evidence must be viewed in a light most favorable to the prosecution. State v. Dennis,79 Ohio St.3d 421, 430, 1997-Ohio-372.
 {¶ 22} With regard to an appellate court's function in reviewing the weight of the evidence, it must be determined from the entire record that in resolving conflicts in the evidence, the jury "clearly lost its way" and created "a manifest miscarriage of justice;" cases in which this occurs are "exceptional." State v. Thompkins, 78 Ohio St.3d 380, 387,1997-Ohio-52. Thus, this court must remain mindful that the weight of the evidence and the credibility of the witnesses are matters primarily reserved for the jury. State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
 {¶ 23} In this case, Reyes testified Lawson pointed a gun at him and demanded that he give up "everything." Reyes stated Lawson then took his luggage and ran with it. Reyes further indicated that upon reaching the outdoor stairwell into which he had seen Lawson descend, Reyes observed Lawson "looking through [his] luggage" before he left the area to summon the police. Reyes' testimony was corroborated by the police officer, who stated the dispatch referred to "a man robbed at gunpoint." Upon his arrest, Lawson was wearing the jacket Reyes had purchased in Florida.
 {¶ 24} From the foregoing, a reasonable mind could conclude beyond a reasonable doubt that appellant committed the crime of aggravated robbery in violation of R.C. 2911.01(A)(1).[2] Appellant's conviction for that offense, therefore, was based upon sufficient evidence. State v.Pinchback, Cuyahoga App. No. 83757, 2004-Ohio-4501.
 {¶ 25} Moreover, the jury acted within its prerogative to believe Reyes' version of the incident rather than Lawson's. Lawson admitted in his oral statement that he committed robbery upon Reyes. Lawson, however, provided an incredible explanation for his possession of Reyes' jacket. Thus, the jury reasonably could believe Lawson corroborated Reyes' description of the incident but disbelieve his denial that he threatened Reyes with a deadly weapon during it. Consequently, appellant's conviction for violation of R.C. 2911.01(A)(1) also finds support in the weight of the evidence. Id.
 {¶ 26} The foregoing analysis, however, does not resolve the issue that remains in Lawson's first assignment of error. Lawson also was convicted of a second count of aggravated robbery, viz., violation of R.C. 2911.01(A)(3). Pursuant to this section, no person, "in attempting or committing a theft offense, * * * or in fleeing immediately after * * *, shall * * * [i]nflict, or attempt to inflict, serious physical harm on another." A review of the record demonstrates the state provided insufficient evidence to establish Lawson's guilt on this count of the indictment.
 {¶ 27} Nothing in Reyes' testimony suggests that Lawson made any gestures that could be construed as an effort to harm him physically. From Reyes' description of the incident, Lawson pulled out a gun, pointed it at Reyes, and Reyes responded by stating, "Just don't touch me," whereupon Lawson simply "snatched" his things and ran. Even after Reyes had followed Lawson to the stairwell, Reyes testified that he left Lawson alone "before [he] could see [Lawson] point the gun." In Lawson's oral statement, moreover, he indicated he did not have a weapon, but simply "pushed" Reyes, "grabbed the bag and took off running," and, at the stairwell, sought to scare Reyes away only by an "attempt of swinging" some sort of "stick."
 {¶ 28} Therefore, the trial court erred in failing to grant Lawson's motion for acquittal on the second count of the indictment. State v.McSwain, Cuyahoga App. No. 83394, 2004-Ohio-3292; State v. Gooden,
Cuyahoga App. No. 81320, 2003-Ohio-2864.
 {¶ 29} Lawson's first and second assignments of error are overruled with respect to his conviction for aggravated robbery on count one. Lawson's first assignment of error is sustained with respect to his conviction on count two, thus rendering his second assignment of error moot with respect to that conviction.
 {¶ 30} Lawson's conviction on count one is affirmed; his conviction on count two is vacated.
It is ordered that appellee recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr., P.J. and Calabrese, Jr. J. Concur
[1] Reyes used the pronoun, "They."
[2] Simply put, this section prohibits a person from having and either displaying, brandishing or using a "deadly weapon" while committing or attempting to commit a theft offense.