JOURNAL ENTRY AND OPINION
{¶ 1} Robert Plaza, pursuant to App.R. 26(B), has applied to reopen this court's judgment in State v. Plaza, Cuyahoga App. No. 83074, 2004-Ohio-3117, which affirmed his conviction for rape but remanded for resentencing. The State filed a brief in opposition. For the following reasons, this court denies the application.
 {¶ 2} App.R. 26(B)(1) and (2)(b) require applications claiming ineffective assistance of appellate counsel to be filed within ninety days from journalization of the appellate decision unless the applicant shows good cause for filing at a later time. In the present case, this court journalized its decision on June 29, 2004, and Plaza filed his application on January 18, 2005. Thus, it is untimely on its face. In an effort to establish good cause, Plaza argues that his appellate counsel did not keep in contact with him. Thus, Plaza did not learn about this court's decision until approximately four months after the decision was rendered. Plaza also complains that his counsel did not raise meritorious arguments which Plaza had requested.
 {¶ 3} However, these excuses do not establish good cause for filing an untimely application to reopen. In State v. LaMar (Oct. 15, 1985), Cuyahoga App. No. 49551, reopening disallowed (Nov. 15, 1995), Motion No. 63398, this court held that lack of communication with appellate counsel did not show good cause. Similarly, in State v. White (Jan. 31, 1991), Cuyahoga App. No. 57944, reopening disallowed (Oct. 19, 1994), Motion No. 49174, and State v. Allen (Nov. 3, 1994), Cuyahoga App. No. 65806, reopening disallowed (July 8, 1996), Motion No. 67054, this court rejected reliance on counsel as showing good cause. In State v. Rios
(1991), 75 Ohio App.3d 288, 599 N.E.2d 374, reopening disallowed (Sept. 18, 1995), Motion No. 66129, Rios maintained that the untimely filing of his application for reopening was primarily caused by the ineffective assistance of appellate counsel; again, this court rejected that excuse. Cf. State v. Moss (May 13, 1993), Cuyahoga App. Nos. 62318 and 62322, reopening disallowed (Jan. 16, 1997), Motion No. 75838; Statev. McClain (Aug. 3, 1995), Cuyahoga App. No. 67785, reopening disallowed (Apr. 15, 1997), Motion No. 76811; and State v. Russell (May 9, 1996), Cuyahoga App. No. 69311, reopening disallowed (June 16, 1997), Motion No. 82351.
 {¶ 4} Moreover, in State v. LaMar, 102 Ohio St.3d 467, 2004-Ohio-3976,812 N.E.2d 970, and State v. Gumm, 103 Ohio St.3d 162, 2004-Ohio-4755,814 N.E.2d 861, the Ohio Supreme Court held that the ninety-day deadline must be strictly enforced. In those cases the applicants argued that after the appellate decisions, their appellate counsel continued to represent them, and counsel could not be expected to raise his or her own incompetence. Although the Ohio Supreme Court agreed with this latter principle, it rejected the argument that continued representation provided good cause. In both cases, the court ruled that the applicants could not ignore the ninety-day deadline, even if it meant retaining new counsel or filing the applications themselves. The court then reaffirmed the principle that lack of effort, imagination, and ignorance of the law do not establish good cause for complying with this fundamental aspect of the rule. Thus, Plaza's lack of effort in determining when this court rendered its decision does not state good cause.
 {¶ 5} Accordingly, this application is dismissed as untimely.
Dyke, P.J., Concurs Rocco, J., Concurs