JOURNAL ENTRY AND OPINION
{¶ 1} In State v. Lawson, Cuyahoga County Court of Common Pleas Case No. CR-447056, applicant, Michael Lawson, was convicted of two counts of aggravated robbery. This court affirmed that judgment in State v. Lawson, Cuyahoga App. No. 447056, 2005-Ohio-880. Lawson did not appeal to the Supreme Court of Ohio.
 {¶ 2} Lawson has filed with the clerk of this court an application for reopening. He asserts that he was denied the effective assistance of appellate counsel because "[a]ppellate Counsel failed to challenge among other issues including but not limited to Imposition of Maximum penalty sentence." Application, at 1. (Emphasis and capitalization in original.) We deny the application for reopening. As required by App.R. 26(B)(6), the reasons for our denial follow.
 {¶ 3} Initially, we note that App.R. 26(B)(1) provides, in part: "An application for reopening shall be filed * * * within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time." App.R. 26(B)(2)(b) requires that an application for reopening include "a showing of good cause for untimely filing if the application is filed more than ninety days after journalization of the appellate judgment."
 {¶ 4} This court's decision affirming applicant's conviction was journalized on March 14, 2005. The application was filed on August 16, 2005, clearly in excess of the ninety-day limit.
 {¶ 5} The Supreme Court has upheld judgments denying applications applications for reopening solely on the basis that the application was not timely filed and the applicant failed to show "good cause for filing at a later time." App.R. 26(B)(1). See, e.g., State v. Gumm, 103 Ohio St.3d 162, 2004-Ohio-4755,814 N.E.2d 861; State v. LaMar, 102 Ohio St.3d 467,2004-Ohio-3976, 812 N.E.2d 970. We need not, therefore, examine the merits of this application if Lawson failed to demonstrate good cause for failing to file a timely application.
 {¶ 6} On direct appeal, this court granted Lawson's motion for leave to file a supplemental pro se brief. Lawson complains that, because he was denied access to the transcript by his appellate counsel and lacked the funds to pay the court reporter for a copy of the transcript, he was unable to file his supplemental brief. Lawson contends, therefore, that being indigent, lacking assistance and being provided no assistance by the institution in which he resides contributed to his failure to file a timely application for reopening. "This court has repeatedly held that difficulty in obtaining the transcript does not constitute good cause. * * * State v. Chandler (Mar. 5, 1992), Cuyahoga App. No. 59764, reopening disallowed, (Aug. 13, 2001) Motion No. 24366, — counsel's delays in sending applicant the transcript and refused access to parts of the transcript did not state good cause." State v. Tomlinson, Cuyahoga App. No. 83411, 2004-Ohio-3295, reopening disallowed, 2005-Ohio-5844, at ¶ 3. (Additional citations deleted.)
 {¶ 7} In State v. Qunnie (July 9, 1998), Cuyahoga App. No. 72580, 72580, reopening disallowed (Dec. 21, 2000), Motion No. 13499, the applicant asserted "that `the institution in which he was confined failed to provide appellant meaningful access to legal materials and legal services'" * * *. Id. at 3. TheQunnie court observed, inter alia, that this court had previously held that circumstances such as prison riots and lockdowns were not sufficient to establish good cause and held that Qunnie had not demonstrated good cause for his failure to file a timely application for reopening.
 {¶ 8} Likewise, Lawson has not demonstrated good cause for his failure to file a timely application for reopening. It is well-established that difficulties in securing both the transcript and assistance at the institution are not sufficient to establish good cause.
 {¶ 9} Lawson's failure to demonstrate good cause is a sufficient basis for denying the application for reopening. See also: State v. Collier (June 11, 1987), Cuyahoga App. No. 51993, reopening disallowed 2005-Ohio-5797, Motion No. 370333;State v. Garcia (July 8, 1999), Cuyahoga App. No. 74427, reopening disallowed 2005-Ohio-5796, Motion No. 370916. As a consequence, Lawson has not met the standard for reopening.
 {¶ 10} Accordingly, the application for reopening is denied.
Blackmon, P.J., concurs Karpinski, J., concurs.