[Cite as *State v. McGowan*, 2011-Ohio-6254.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 91183

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## JOSEPH MCGOWAN

DEFENDANT-APPELLANT

## JUDGMENT:
## APPLICATION DENIED

Cuyahoga County Common Pleas Court
Case No. CR-498474
Application for Reopening

Motion No. 449080

**RELEASE DATE:**   December 7, 2011

**FOR APPELLANT**

Joseph McGowan
Inmate #542-985
Mansfield Correctional Inst.
P. O. Box 788
Mansfield, OH 44901

**ATTORNEYS FOR RESPONDENT**

William D. Mason
Cuyahoga County Prosecutor

By: Mary McGrath
Assistant County Prosecutor
The Justice Center
1200 Ontario, 8th Floor
Cleveland, OH 44113

COLLEEN CONWAY COONEY, J.:

{¶ 1} On November 3, 2011, the applicant, Joseph McGowan, pursuant to App.R. 26(B) and *State v. Murnahan* (1992), 63 Ohio St.3d 60, 584 N.E.2d 1204, applied to reopen this court's judgment in *State v. McGowan* (Oct. 15, 2008), Cuyahoga App. No. 91183, in which this court dismissed McGowan's appeal for failure to file a brief.   McGowan seems to be claiming that his appellate counsel should have argued the following: (1) trial counsel was ineffective for not adequately defending and advising McGowan, (2) his guilty plea was not knowing and voluntary because of his mental problems and lack of psychiatric medicines, and

(3) the trial court failed to safeguard his rights.[1]   On November 7, 2011, the prosecution filed its brief in opposition.    For the following reasons, this court denies the application.

**{¶ 2}**   In July 2007, the grand jury indicted McGowan on two counts of aggravated murder with a felony murder specification, two counts of aggravated robbery, two counts of aggravated burglary, and one count of kidnapping, all with one- and three-year firearm specifications.    Thus, McGowan faced the death penalty.

**{¶ 3}**   In February 2008, McGowan, his attorneys, and the prosecution agreed to a plea bargain under which McGowan would plead guilty to one count of aggravated murder and one count of aggravated burglary, the state would nolle all specifications and other counts, McGowan would testify for the state, and the court would impose an agreed prison term of 25 years to life.    During the plea hearing on February 21, 2008, McGowan answered the judge's questions and apologized for his role in the murder.    The judge imposed the agreed sentence.   Subsequently,   in his codefendant's trial, McGowan testified as to his knowledge of and participation in the murder.    *State v. Pettway*, Cuyahoga App. No. 91716, 2009-Ohio-4544.

**{¶ 4}**   The trial court appointed appellate counsel for McGowan, and that counsel timely filed the appeal sub judice.    After reviewing the file and meeting with McGowan, that attorney filed an Anders brief and sought leave to withdraw as counsel.    On June 18, 2008,

---

[1] It is difficult to discern McGowan's arguments because he presents long, rambling sentences.    The transcript of his guilty plea and sentencing revealed that he has an I.Q. of 68 and was on two psychiatric medications at the time.    A defense psychologist opined that McGowan was competent to enter a plea.

this court granted the motion to withdraw and gave McGowan leave until July 25, 2008, to file a pro se brief. McGowan twice moved to extend the time to file his brief, and this court gave him until September 30, 2008. When no brief or further motions were forthcoming, this court dismissed the appeal for failure to file a brief on October 15, 2008.

{¶ 5} App.R. 26(B)(1) and (2)(b) require applications claiming ineffective assistance of appellate counsel to be filed within 90 days from journalization of the decision unless the applicant shows good cause for filing at a later time. The November 2011 application was filed approximately three years after this court's decision. Thus, it is untimely on its face. In an effort to establish good cause, McGowan argues that institutional transfers, limited access to the library, security problems, and limited access to the record prevented him from timely filing an application to reopen. However, these do not state good cause. The courts have repeatedly rejected the claim that limited access to legal materials states good cause for untimely filing. Prison riots, lockdowns, and other library limitations have been rejected as constituting good cause. *State v. Tucker*, 73 Ohio St.3d 152, 1995-Ohio-2, 652 N.E.2d 720; *State v. Kaszas* (Sept. 10, 1998), Cuyahoga App. Nos. 72547 and 72547, reopening disallowed (Aug. 14, 2000), Motion No. 316752; *State v. Hickman* (Apr. 30, 1998), Cuyahoga App. No. 72341, reopening disallowed (Dec. 13, 2000), Motion No. 320830; and *State v. Turner* (Nov. 16, 1989), Cuyahoga App. No. 55960, reopening disallowed (Aug. 20, 2001), Motion No. 323221.

{¶ 6} This court has repeatedly ruled that lack of a transcript does not state good cause for an untimely filing. *State v. Lawson*, Cuyahoga App. No. 84402, 2005-Ohio-880, reopening disallowed, 2006-Ohio-3839; *State v. Blackmon* (July 18, 1985), Cuyahoga App. No. 48787, reopening disallowed, (Oct. 25, 2000), Motion No. 318768; *State v. Houston* (Jan. 13, 1994), Cuyahoga App. No. 64574, reopening disallowed (Feb. 15, 1995), Motion No. 259344, affirmed (1995), 73 Ohio St.3d 346, 652 N.E.2d 1018; *State v. Morgan* (Mar. 16, 1989), Cuyahoga App. No. 55341, reopening disallowed, 2007-Ohio-5532; *State v. Collins* (June 22, 1995), Cuyahoga App. No. 67165, reopening disallowed (Feb. 10, 1997), Motion No. 277984; and *State v. Booker* (July 29, 1993), Cuyahoga App. No. 62841, reopening disallowed (Dec. 30, 1996), Motion No. 278561.

{¶ 7} Moreover, these excuses do not explain the lapse of three years. In *State v. Davis*, 86 Ohio St.3d 212, 214, 1999-Ohio-160, 714 N.E.2d 384, the Supreme Court of Ohio addressed a similar long lapse of time in filing the App.R. 26(B) application and ruled: "Even if we were to find good cause of earlier failures to file, any such good cause 'has long since evaporated. Good cause can excuse the lack of a filing only while it exists, not for an indefinite period.' *State v. Fox*, 83 Ohio St.3d 514, 516, 1998-Ohio-517, 700 N.E.2d 1253, 1254." Furthermore, this court notes that in examining the docket in *State v. McGowan*, Cuyahoga County Common Pleas Court Case No. CR-498474, McGowan has been "flooding" the common pleas court since July 2009 with motions to vacate, motions to withdraw guilty

plea, motions for appointment of counsel, and other such motions.

{¶ 8} Finally, an application to reopen pursuant to App.R. 26(B) is the wrong remedy. Subsection (B)(1) states this remedy's scope: "A defendant in a criminal case may apply for reopening of the appeal from the judgment of conviction and sentence, based on a claim of ineffective assistance of appellate counsel." Because McGowan was representing himself in the appeal when this court dismissed the appeal, he is now precluded from arguing ineffective assistance of appellate counsel. *State v. Boone* (1996), 114 Ohio App.3d 275, 683 N.E.2d 67; *State v. Vines* (Sept. 14, 1989), Cuyahoga App. No. 55693 and (Nov. 3, 2000), Cuyahoga App. No. 78691, reopening disallowed (June 5, 2003), Motion No. 347277; *State v. Smith* (Dec. 10, 2001), Cuyahoga App. No. 79292, reopening disallowed (Mar. 8, 2002), Motion No. 336058; and *State v. Jackson*, Cuyahoga App. No. 80118, 2002-Ohio-5461. As the United States Supreme Court noted in *Faretta v. California* (1975), 422 U.S. 806, 834, fn. 46, 95 S.Ct. 2525, "a defendant who elects to represent himself cannot thereafter complain that the quality of his own defense amounted to a denial of 'effective assistance of counsel.'"

{¶ 9} Accordingly, this court denies the application to reopen.

COLLEEN CONWAY COONEY, J.,

LARRY A. JONES, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR