[Cite as *State v. Henderson*, 2013-Ohio-2524.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 95655**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## PAUL S. HENDERSON

DEFENDANT-APPELLANT

---

**JUDGMENT:**
APPLICATION DENIED

---

Cuyahoga County Court of Common Pleas
Case No. CR-530899
Application for Reopening
Motion No. 464772

**RELEASE DATE:** June 19, 2013

**FOR APPELLANT**

Paul S. Henderson, pro se
Inmate No. 573-468
Marion Correctional Institution
P.O. Box 57
Marion, Ohio   43302


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By:    Diane Smilanick
Assistant County Prosecutor
The Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

FRANK D. CELEBREZZE, JR., J.:

**{¶1}** On May 7, 2013, the applicant, Paul Henderson, pursuant to App.R. 26(B) and *State v. Murnahan*, 63 Ohio St.3d 60, 584 N.E.2d 1204 (1992), applied to reopen this court's judgment in *State v. Henderson*, 8th Dist. No. 95655, 2012-Ohio-1040, in which this court affirmed Henderson's convictions for drug trafficking, drug possession, and possession of criminal tools. Henderson claims that he was deprived of the effective assistance of appellate counsel. For the following reasons, this court denies the application.

**{¶2}** App.R. 26(B)(1) and (2)(b) require applications claiming ineffective assistance of appellate counsel to be filed within 90 days from journalization of the decision unless the applicant shows good cause for filing at a later time. The May 2013 application was filed approximately 14 months after this court's decision. Thus, it is untimely on its face. In an effort to establish good cause, Henderson argues that he did not receive notice of this court's decision until August 2012, and then had difficulty in obtaining the record from the public defender's office, and then needed months of research to formulate his argument. However, lack of a transcript does not state good cause for an untimely filing. *State v. Lawson*, 8th Dist. No. 84402, 2005-Ohio-880, *reopening disallowed*, 2006-Ohio-3839.

**{¶3}** Moreover, the Supreme Court of Ohio in *State v. LaMar*, 102 Ohio St.3d 467, 2004-Ohio-3976, 812 N.E.2d 970, and *State v. Gumm*, 103 Ohio St.3d 162,

2004-Ohio-4755, 814 N.E.2d 861, held that the 90-day deadline for filing must be strictly enforced. In those cases, the applicants argued that after the court of appeals decided their cases, their appellate lawyers continued to represent them, and their appellate lawyers could not be expected to raise their own incompetence. Although the Supreme Court agreed with this latter principle, it rejected the argument that continued representation provided good cause. The court then reaffirmed the principle that lack of effort, imagination, and ignorance of the law do not establish good cause for failure to seek timely relief under App.R. 26(B).

{¶4} Additionally, Henderson represented himself on appeal. Throughout these proceedings, Henderson repeatedly submitted filings, such as motions for default judgment and summary judgment, to obtain his immediate release from prison. The final brief was his own work, and in his supporting affidavit he states: "I was ineffective because I failed to raise a winning issue." Because Henderson represented himself in the appeal, he is now precluded from arguing ineffective assistance of appellate counsel. *State v. Boone*, 114 Ohio App.3d 275, 683 N.E.2d 67 (7th Dist.1996); and *State v. Jackson*, 8th Dist. No. 80118, 2002-Ohio-5461. As the United States Supreme Court noted in *Faretta v. California*, 422 U.S. 806, 834, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), fn. 46, "a defendant who elects to represent himself cannot thereafter complain that the quality of his own defense amounted to a denial of 'effective assistance of counsel.'"

{¶5} Accordingly, this court denies the application to reopen.

FRANK D. CELEBREZZE, JR., JUDGE

MARY J. BOYLE, P.J., and
LARRY A. JONES, SR., J., CONCUR