[Cite as *State v. Jarrett*, 2014-Ohio-488.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 98759

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## KENNETH L. JARRETT

DEFENDANT-APPELLANT

---

### JUDGMENT:
### APPLICATION DENIED

---

Cuyahoga County Court of Common Pleas
Case Nos. CR-554504, CR-558789, CR-559105, CR-559365,
CR-559433, CR-559935, CR-562138, and CR-562549
Application for Reopening
Motion No. 469750

**RELEASE DATE:** February 11, 2014

**FOR APPELLANT**

Kenneth L. Jarrett, pro se
Inmate No. 630-619
Noble Correctional Institution
15708 McConnelsville Road
Caldwell, OH    43724


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:    Mary McGrath
Assistant County Prosecutor
The Justice Center
1200 Ontario Street, 8th Floor
Cleveland, OH    44113

MELODY J. STEWART, J.:

{¶1} On November 8, 2013, Kenneth Jarrett, filed a "Motion for leave to file delayed appeal 26(B)."[1] In this motion, Jarrett asks that this court order his former lawyer to provide him with the transcripts so he "can better perfect [his] claims" and that this court delay the time for filing his App.R. 26(B) application to reopen until he has received the transcript. Jarrett also submitted an affidavit in which he claims that his appellate counsel was ineffective for not arguing the following: (1) the state breached the plea agreement by not remaining silent during the sentencing as agreed, (2) the plea agreement was voidable in part regarding one claim of restitution, and (3) some of the counts should have merged as allied offenses.[2] Thus, it is uncertain whether Jarrett is trying to reopen this court's judgment in *State v. Jarrett,* 8th Dist. Cuyahoga No. 98759, 2013-Ohio-1663, or trying to toll the time for filing his App.R. 26(B) application. On November 26, 2013, the state of Ohio filed a memorandum in opposition, and Jarrett filed a reply on December 16, 2013. For the following reasons, this court denies the motion and/or the application to reopen.

---

[1] This filing concerns only App.R. 26(B), an application to reopen. It is not a request for a delayed appeal pursuant to App.R. 5.

[2] Jarrett pled guilty in eight different cases to charges of fraud, forgery, identity fraud, identity theft, grand theft, attempted grand theft, and possession of criminal tools. Appellate counsel argued that the trial court erred in imposing consecutive sentences because the total financial harm to the victims — $22,590 — did not justify consecutive sentences. This court affirmed reasoning that Jarrett's conduct, including 16 prior felony convictions and the harm inflicted on the victims, was sufficiently serious to warrant consecutive sentences.

{¶2} To the extent that Jarrett is trying to toll the time for filing an application to reopen until he gets the transcripts, such an effort is ineffective. In *State v. Allen*, 8th Dist. Cuyahoga No. 92482, 2010-Ohio-9, *reopening disallowed*, 2011-Ohio-588, Allen endeavored to toll the time for filing by submitting a "Notice of intent to file Criminal Rule 26(B)" and complaining that he had not yet been able to obtain his transcripts. This court rejected his attempt; the rules do not allow such a "notice" and the Supreme Court of Ohio has insisted on strictly enforcing the 90-day deadline. Furthermore, Jarrett has already tried to toll the time for filing an application to reopen, and this court denied his motion for extension of time on July 23, 2013 (Motion No. 466799).

{¶3} To the extent that Jarrett has submitted an App.R. 26(B) application to reopen, it is untimely. App.R. 26(B)(1) and (2)(b) require applications claiming ineffective assistance of appellate counsel to be filed within 90 days from journalization of the decision unless the applicant shows good cause for filing at a later time. This court decided Jarrett's case on April 25, 2013. Thus, his November 8, 2013 application is untimely on its face. In an effort to show good cause or "restart" the clock, Jarrett states that he needs the transcripts to "better perfect" his claims, that his attorney refused to send him the transcripts, and that this court's administrator has not helped him to get his attorney to send him the transcript, despite Jarrett's requests. However, lack of a transcript does not state good cause for an untimely filing. *State v. Lawson*, 8th Dist. Cuyahoga No. 84402, 2005-Ohio-880, *reopening disallowed*, 2006-Ohio-3839; and *State v. Henderson*, 8th Dist. Cuyahoga No. 95655, 2012-Ohio-1040, *reopening disallowed*,

2013-Ohio-2524. Nor does the lack of help from court employees state good cause. *Newburgh Hts. v. Chauncey*, 8th Dist. Cuyahoga No. 75465, 2000 Ohio App. LEXIS 6261 (Oct. 20, 2000).

**{¶4}** In his reply, Jarrett admits that these excuses do not state good cause for untimely filing. He then argues that Ohio's enforcement of the 90-day limitations period is so strict that good cause does not exist and that such strictness violates due process. The Supreme Court of Ohio implicitly addressed this argument in *State v. LaMar*, 102 Ohio St.3d 467, 2004-Ohio-3976, 812 N.E.2d 970, and *State v. Gumm*, 103 Ohio St.3d 162, 2004-Ohio-4755, 814 N.E.2d 861. Citing *Logan v. Zimmerman Brush Co.,* 455 U.S 422, 437, 102 S.Ct. 1148, 71 L.Ed.2d 265, the court noted that states "may erect reasonable requirements for triggering the right to an adjudication." Ohio did that "by creating a 90-day deadline for the filing of applications to reopen." *LaMar* at ¶ 7. "Consistent enforcement of the rule's deadline by the appellate courts in Ohio protects on the one hand the state's legitimate interest in the finality of its judgments and ensures on the other hand that any claims of ineffective assistance of appellate counsel are promptly examined and resolved." *Gumm* at ¶ 7. Strict enforcement of the rule is appropriate for what is essentially a "second crack at the apple."

**{¶5}** Jarrett admits that he knew he wanted to raise additional arguments from at least April 25, 2013. Thus, he should have filed, if necessary, a pro se application within the 90 days; "[w]hat he could not do was ignore the rule's filing deadline." *LaMar* at ¶ 7. In conclusion, Jarrett "offers no sound reason why he — unlike so many

other Ohio criminal defendants — could not comply with that fundamental aspect of the rule." *Id.* at ¶ 9.

{**¶6**} Accordingly, this court denies Jarrett's motion and/or application to reopen.

---

MELODY J. STEWART, JUDGE

MARY J. BOYLE, A.J., and
MARY EILEEN KILBANE, J., CONCUR