[Cite as *State v. George*, 2018-Ohio-5026.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 103708**

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**ROBERT GEORGE**

DEFENDANT-APPELLANT

━━━━━━━━━━━━━━━━━━━━━━━━━━━━

**JUDGMENT:**
APPLICATION DENIED

━━━━━━━━━━━━━━━━━━━━━━━━━━━━

Cuyahoga County Court of Common Pleas
Case No. CR-14-589369-A
Application for Reopening
Motion No. 522772

**RELEASE DATE:** December 11, 2018

**FOR APPELLANT**

Robert George
Inmate No. 680299
Mansfield Correctional Institution
P.O. Box 788
Mansfield, Ohio   44901


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
By:   Mahmoud S. Awadallah
Assistant County Prosecutor
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio   44113


TIM McCORMACK, P.J.:

{¶1} On November 7, 2018, the applicant, Robert George, pursuant to App.R. 26(B) and *State v. Murnahan*, 63 Ohio St.3d 60, 584 N.E.2d 1204 (1992), applied to reopen this court's judgment in *State v. George*, 8th Dist. Cuyahoga No. 103708, 2016-Ohio-7886, in which this court affirmed George's convictions for aggravated murder, murder, attempted aggravated murder, discharge of a firearm on or near a prohibited premises, and four counts of felonious assault.[1]   George now asserts that his appellate counsel should have argued that the surveillance camera footage should not have been allowed as evidence because it was not authenticated and that the judge improperly "allowed evidence from a case that was pinned into [George's] murder

---

[1]On August 17, 2014, surveillance cameras recorded George and his codefendant in a Food Mart.  At trial, George's mother, several police officers, and acquaintances identified George as one of the men in the recording. Other surveillance cameras recorded George and the codefendant leaving the store, coming back and shooting a father, who was killed, and shooting his son, who was wounded in the leg.

case" and hearsay evidence. For the following reasons, this court denies the application to reopen.

{¶2} App.R. 26(B)(1) and (2)(b) require applications claiming ineffective assistance of appellate counsel to be filed within 90 days from journalization of the decision unless the applicant shows good cause for filing at a later time. The November 2018 application was filed approximately two years after this court's decision. Thus, it is untimely on its face. In an effort to establish good cause, George claims that his poverty prevented him from obtaining his transcript in a timely manner and that his appellate counsel's inadequate performance caused the untimely filing of the application.

{¶3} This court has repeatedly ruled that lack of a transcript does not state good cause for an untimely filing. *State v. Lawson*, 8th Dist. Cuyahoga No. 84402, 2005-Ohio-880, *reopening disallowed*, 2006-Ohio-3839; and *State v. Blackmon*, 8th Dist. Cuyahoga No. 48787, 1985 Ohio App.LEXIS 6810 (July 18, 1985), *reopening disallowed,* 2000 Ohio App. LEXIS 6080.

{¶4} Similarly, in *State v. Lamar*, 8th Dist. Cuyahoga No. 49551, 1985 Ohio App. LEXIS 7284 (Oct. 15, 1985) *reopening disallowed* (Nov. 15, 1995), Motion No. 263398, this court held that lack of communication with appellate counsel did not show good cause. In *State v. Rios*, 75 Ohio App.3d 288, 599 N.E.2d 374 (8th Dist.1991), *reopening disallowed* (Sept. 18, 1995), Motion No. 266129, Rios maintained that the untimely filing of his application for reopening was primarily caused by the ineffective assistance of appellate counsel; this court rejected that excuse. Similarly, the failure of appellate counsel to argue the "dead bang" winner does not state good cause for untimely filing. *State v. Porter,* 2016-Ohio-1115, 61 N.E.3d 589 (8th Dist.), *reopening disallowed,* 2018-Ohio-1178.

{¶5} Moreover, the Supreme Court of Ohio in *State v. LaMar*, 102 Ohio St.3d 467, 2004-Ohio-3976, 812 N.E.2d 970, and *State v. Gumm*, 103 Ohio St.3d 162, 2004-Ohio-4755, 814 N.E.2d 861, held that the 90-day deadline for filing must be strictly enforced. In those cases, the applicants argued that after the court of appeals decided their cases, their appellate lawyers continued to represent them, and their appellate lawyers could not be expected to raise their own incompetence. Although the Supreme Court agreed with this latter principle, it rejected the argument that continued representation provided good cause. In both cases, the court ruled that the applicants could not ignore the 90-day deadline, even if it meant retaining new counsel or filing the applications themselves. The court then reaffirmed the principle that lack of effort, lack of imagination, and ignorance of the law do not establish good cause for failure to seek timely relief under App.R. 26(B). Thus, George's excuses do not state good cause.

{¶6} Accordingly, this court denies the application to reopen.

_____
TIM McCORMACK, PRESIDING JUDGE

MARY J. BOYLE, J., and
SEAN C. GALLAGHER, J., CONCUR