[Cite as *State v. Harrell*, 2024-Ohio-725.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,              :

                                               No. 111293

    v.                                      :

DEVAL H. HARRELL,                       :

    Defendant-Appellant.             :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** APPLICATION DENIED
**RELEASED AND JOURNALIZED:** February 28, 2024

---

Cuyahoga County Court of Common Pleas
Case No. CR-21-656650-A
Application for Reopening
Motion No. 571079

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Frank Romeo Zeleznikar, Assistant Prosecuting Attorney, *for appellee.*

Deval Harrell, *pro se.*

MICHAEL JOHN RYAN, J.:

{¶ 1} On January 9, 2024, the applicant, Deval Harrell, pursuant to App.R. 26(B), applied to reopen this court's judgment in *State v. Harrell,* 8th Dist. Cuyahoga No. 111293, 2022-Ohio-3740, in which this court affirmed Harrell's

convictions and sentences for felonious assault, kidnapping, and failure to comply. Harrell now maintains that his appellate counsel should have argued the following: (1) He was subjected to an unreasonable seizure in violation of the Fourth Amendment of the United States Constitution and Article I, Section 10 of the Ohio Constitution; (2) The trial court abused its discretion when it denied his request for a new attorney; (3) The trial court erred in instructing the jury on the definitions of "physical harm" and "serious physical harm"; (4) The trial court erred in failing to make an allied offense analysis; (5) The trial court erred in failing to instruct on lesser included offenses; (6) The trial court erred in failing to grant a mistrial because of the prosecution's improper opening and closing statements; and (7) Harrell was deprived of the effective assistance of trial counsel. The state of Ohio filed its brief in opposition on January 11, 2024. For the following reasons, this court denies the application to reopen.

{¶ 2} On the night of January 29, 2021, Harrell drove into a gas station and asked a lady "if she would like to party." She got into his car believing that she would engage in a drug transaction. Law enforcement officers saw this and concluded that the parties were engaging in a drug transaction. The officers surrounded Harrell's car, and one officer went to the driver's side door and instructed him to put his car in park and turn off the engine. Instead, Harrell put the car in reverse, hit a police car, and then sped out of the gas station. In doing so, he briefly pinned an officer to another car. Shortly after that, Harrell crashed his car and fled on foot. The lady

was still in the car, and law enforcement had to extract her by breaking a rear window. Officers caught Harrell approximately 30 minutes later.

{¶ 3} A jury found Harrell guilty of felonious assault, kidnapping, and failure to comply with an officer's instruction. The judge imposed an aggregate eight-year sentence. Harrell's appellate counsel argued that there was insufficient evidence to support the felonious assault and kidnapping charges, that the trial court erred in allowing improper cross-examination on Harrell's prior convictions, and that the trial court erred in relying on old presentence-investigation reports. This court affirmed, and Harrell's appellate attorney after notifying Harrell of the decision endeavored to appeal to the Ohio Supreme Court.

{¶ 4} App.R. 26(B)(1) and (2)(b) require applications claiming ineffective assistance of appellate counsel to be filed within 90 days from journalization of the decision unless the applicant shows good cause for filing at a later time. This court journalized its decision on October 20, 2022, but Harrell did not file his application until January 9, 2024. Thus, it is untimely on its face.

{¶ 5} In an effort to show good cause, Harrell argues that his appellate counsel failed to advise him about App.R. 26(B). However, this court has rejected this as good cause. Generally, the failure of counsel to communicate with the client does not state good cause. *State v. White,* 8th Dist. Cuyahoga No. 101576, 2017-Ohio-7169, and *State v. Morgan,* 8th Dist. Cuyahoga No. 55341, 2007-Ohio-5532. Furthermore, reliance on counsel does not state good cause. *State v. Huber,* 8th Dist. Cuyahoga No. 93923, 2011-Ohio-62. Specifically, the failure of counsel to

inform the client of App.R. 26(B) does not provide good cause. *State v. Alt,* 8th Dist. Cuyahoga No. 96289, 2012-Ohio-2054; *State v. Pruit,* 8th Dist. Cuyahoga Nos. 86707 and 86986, 2012-Ohio-94; and *State v. Van Horn,* 8th Dist. Cuyahoga No. 98751, 2021-Ohio-4129.

{¶ 6} Moreover, the Supreme Court of Ohio in *State v. LaMar*, 102 Ohio St.3d 467, 2004-Ohio-3976, 812 N.E.2d 970, and *State v. Gumm*, 103 Ohio St.3d 162, 2004-Ohio-4755, 814 N.E.2d 861, held that the 90-day deadline for filing must be strictly enforced. In those cases, the applicants argued that after the court of appeals decided their cases, their appellate lawyers continued to represent them, and their appellate lawyers could not be expected to raise their own incompetence. Although the Supreme Court agreed with this latter principle, it rejected the argument that continued representation provided good cause. In both cases, the court ruled that the applicants could not ignore the 90-day deadline, even if it meant retaining new counsel or filing the applications themselves. The court then reaffirmed the principle that lack of effort, lack of imagination, and ignorance of the law do not establish good cause for failure to seek timely relief under App.R. 26(B). Thus, the lack of communication between Harrell and his counsel, his misplaced reliance on his appellate counsel, and his ignorance of the law do not state good cause.

**{¶ 7}** Accordingly, this court denies the application to reopen.

_____
MICHAEL JOHN RYAN, JUDGE

SEAN C. GALLAGHER, P.J., and
EMANUELLA D. GROVES, J., CONCUR