[Cite as *State v. Crawford*, 2025-Ohio-2591.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,  :

    Plaintiff-Appellee,  :

          No. 110986

v.  :

HORACE CRAWFORD, JR.,  :

    Defendant-Appellant.  :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:**  APPLICATION DENIED
**RELEASED AND JOURNALIZED:**  July 21, 2025

---

Cuyahoga County Court of Common Pleas
Case No. CR-21-657218-A
Application for Reopening
Motion No. 585967

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Glen Ramdhan, Assistant Prosecuting Attorney, *for appellee.*

Horace Crawford, Jr., *pro se.*

WILLIAM A. KLATT, J.:

{¶ 1}   On July 8, 2025, the applicant Horace Crawford, Jr., pursuant to App.R. 26(B) and *State v. Murnahan,* 63 Ohio St.3d 60 (1992), applied to reopen

this court's judgment in *State v. Crawford,* 2022-Ohio-2673 (8th Dist.), *aff'd,* 2023-Ohio-3863, in which this court affirmed Crawford's convictions and sentences for two counts of rape and three counts of sexual battery on his 15-year-old daughter.[1] Crawford now argues that his appellate counsel was ineffective for not arguing the following: (1) the prosecutor allowed false and misleading testimony because the daughter's testimony was inconsistent with other testimony and the indictments; (2) trial counsel was ineffective for failing to call witnesses; (3) trial counsel was ineffective for failing to investigate; (4) the trial court erred in allowing the convictions when the State did not prove that the offenses occurred within the time expressed in the indictment; (5) appellate counsel failed to argue the inconsistencies among the witnesses and the stated times and place in the indictments; (6) trial counsel failed to object to the remote testimony of witnesses; (7) counsel failed to object to the inconsistencies between the daughter's testimony

---

[1] The daughter testified about the sexual encounters. Text messages between them indicated a sexual relationship, and Crawford's then-girlfriends testified about salacious comments Crawford made about his daughter. His appellate counsel argued the following: (1) allowing the daughter's mother to testify remotely when she had COVID violated the Confrontation Clause; (2) the text messages and the chain of custody of the cellphone were not properly authenticated; (3) there was insufficient evidence to support the convictions; (4) the convictions were against the manifest weight of the evidence; (5) trial counsel was ineffective and caused plain error for the failing to object to testimony relating to Crawford smoking marijuana with his daughter and allowing references to Crawford's probation officer; (6) the prosecutor made inappropriate comments during closing argument; (7) the trial judge erred in not granting a mistrial when a juror expressed reservations about being able to continue deliberations; and (8) the Reagan Tokes sentence was unconstitutional.

and the indictments.  For the following reasons, this court denies the application sua sponte.

{¶ 2} App.R. 26(B)(1) and (2)(b) require applications claiming ineffective assistance of appellate counsel to be filed within 90 days from journalization of the decision unless the applicant shows good cause for filing at a later time.  The July 2025 application was filed almost three years after this court's decision.  Thus, it is untimely on its face.  In an effort to show good cause Crawford argues that his appellate counsel did not inform him of the decision until six months later, that he was not able to obtain the record in a timely fashion, and that it would be a miscarriage of justice if his assignments of error were not examined.

{¶ 3} It is well established that reliance on counsel and counsel's failure to inform an applicant of App.R. 26(B) does not establish good cause for filing an untimely application.  *State v. Harrell,* 2024-Ohio-725, ¶ 4 (8th Dist.); *State v. Pruitt,* 2012-Ohio-94, ¶ 5 (8th Dist.).  Specifically, in *State v. West,* 2010-Ohio-5576, ¶ 4 (8th Dist.), this court ruled "that the failure of appellate counsel to notify the applicant of the court's decision or the applicant's ignorance of the decision does not state good cause for untimely filing." *Accord State v. Robert,* 2005-Ohio-5685 (8th Dist.); and *State v. Mitchell,* 2009-Ohio-1874 ¶ 5 (8th Dist.).

{¶ 4} Similarly, the failure of appellate counsel to provide an applicant with necessary records does not provide good cause.  *State v. White,* 2017-Ohio-7169, ¶ 4 (8th Dist.).  The court further stated that "lack of a transcript does not state good

cause for an untimely filing." *State v. Henderson,* 2013-Ohio-2524, ¶ 2 (8th Dist.) and *State v. Lawson,* 2006-Ohio-3839 (8th Dist.). The lack of help from court employees to obtain records also does not establish good cause. *State v. Jarrett,* 2014-Ohio-488, ¶ 3 (8th Dist.).

{¶ 5} Moreover, the Supreme Court of Ohio in *State v. LaMar,* 2004-Ohio-3976, and *State v. Gumm,* 2004-Ohio-4755, held that the 90-day deadline for filing must be strictly enforced. In those cases, the applicants argued that after the court of appeals decided their cases, their appellate lawyers continued to represent them, and their appellate lawyers could not be expected to raise their own incompetence. Although the Supreme Court agreed with this latter principle, it rejected the argument that continued representation provided good cause. In both cases, the court ruled that the applicants could not ignore the 90-day deadline, even if it meant retaining new counsel or filing the applications themselves. The court then reaffirmed the principle that lack of effort, lack of imagination, and ignorance of the law do not establish good cause for failure to seek timely relief under App.R. 26(B). Thus, Crawford's misplaced reliance on his appellate counsel and his difficulty in obtaining the record do not state good cause.

{¶ 6} Finally, the court rejects Crawford's claim of manifest injustice. The Supreme Court of Ohio has made it very clear that an applicant must show extraordinary reasons for not timely filing. Claims of "dead-bang winner" do not state good cause. *State v. Porter,* 2018-Ohio-1178, ¶ 5 (8th Dist.).

{¶ 7}   Accordingly, this court denies the application to reopen.

_____
WILLIAM A. KLATT, JUDGE*

EILEEN T. GALLAGHER, P.J., and
MARY J. BOYLE, CONCUR

(*Sitting by assignment:  William A. Klatt, J., retired, of the Tenth District Court of Appeals.)