[Cite as *State v. Evans*, 2026-Ohio-448.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

STATE OF OHIO,                    :

    Plaintiff-Appellee,      :

                                   No. 111986

    v.                       :

JOHNNY EVANS,                     :

    Defendant-Appellant.     :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** APPLICATION DENIED
**RELEASED AND JOURNALIZED:** February 11, 2026

---

Cuyahoga County Court of Common Pleas
Case No. CR-21-659883-A
Application for Reopening
Motion No. 591810

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, *for appellee*.

Johnny Evans, *pro se*.

WILLIAM A. KLATT, J.:

{¶ 1} On January 21, 2026, Johnny Evans ("Evans"), pro se, filed an application for reopening his appeal pursuant to App.R. 26(B) and *State v. Murnahan*, 63 Ohio St.3d 60 (1991), arguing claims of ineffective assistance of

appellate counsel. Evans seeks to reopen his appeal in *State v. Evans,* 2023-Ohio-2297 (8th Dist.), in which this court affirmed the trial court's judgment, finding Evans's convictions were supported by sufficient evidence and the trial court's imposition of an indefinite sentence under the Reagan Tokes Law was not a violation of his constitutional rights. For the reasons that follow, we deny Evans's application to reopen the appeal.

{¶ 2} App.R. 26(B)(1) provides:

> A defendant in a criminal case . . . may apply for reopening of the appeal from the judgment of conviction and sentence . . . based on a claim of ineffective assistance of appellate counsel.

Applications claiming ineffective assistance of appellate counsel must be filed within 90 days from journalization of the appellate judgment, unless the applicant shows good cause for the untimely filing. App.R. 26(B)(1) and (B)(2)(b).

{¶ 3} This court issued its decision on Evans's appeal on July 6, 2023, more than two years before the filing of the instant application. Thus, Evans's application for reopening is untimely on its face.

{¶ 4} Evans acknowledges his application is untimely and provides conflicting reasons for the delay. Evans initially states that he was not advised of his ability to file an application for reopening, and he then states his appellate counsel discouraged him from filing an application for reopening that would prove to be unmeritorious. Evans states that his appellate counsel refused to pursue an application for reopening because "it was against a friend." Further, Evans contends

his limited access to the law library contributed to the delay in filing his application. These arguments are unpersuasive.

{¶ 5} The Ohio Supreme Court has recognized that App.R. 26's 90-day requirement "is 'applicable to all appellants'" and must be strictly enforced. *State v. LaMar*, 2004-Ohio-3976, ¶ 9, quoting *State v. Winstead*, 74 Ohio St.3d 277, 278 (1996), *State v. Williams*, 2025-Ohio-614, ¶ 7 (8th Dist.). "Consistent enforcement of the rule's deadline by the appellate courts in Ohio protects on the one hand the state's legitimate interest in the finality of its judgments and ensures on the other hand that any claims of ineffective assistance of appellate counsel are promptly examined and resolved." *State v. Gumm*, 2004-Ohio-4755, ¶ 7.

{¶ 6} "'Lack of effort or imagination, and ignorance of the law . . . do not automatically establish good cause for failure to seek timely relief' under App.R. 26(B)." *LaMar* at ¶ 9, quoting *State v. Reddick*, 72 Ohio St.3d 88, 91 (1995). Even an application that presents meritorious claims or "dead-bang winners," is not sufficient to establish good cause for an untimely filing. *State v. Jeffries*, 2019-Ohio-4255, ¶ 8, citing *State v. Porter*, 2018-Ohio-1178 (8th Dist.), and *State v. Willis*, 2018-Ohio-159 (8th Dist.).

{¶ 7} Further, this court has consistently found that ignorance of the procedures to reopen an appeal does not constitute good cause. *State v. Catron*, 202-Ohio-4503, ¶ 8 (8th Dist.). An applicant "cannot rely on his own alleged lack of legal training to excuse his failure to comply with the deadline." *Catron* at ¶ 8, quoting *State v. Farrow*, 2007-Ohio-4792, ¶ 6. Additionally, this court has rejected,

on numerous occasions, "claims that lack of access to legal materials or library limitations constitute good cause for untimely filing." *State v. Tomlinson*, 2022-Ohio-2575, ¶ 12, citing *State v. Wynn*, 2017-Ohio-9151, ¶ 4 (8th Dist.), citing *State v. Young*, 2016-Ohio-3165 (8th Dist.); *State v. Crain*, 2012-Ohio-1340 (8th Dist.).

{¶ 8} "The existence of good cause is a threshold issue that must be established before an appellate court may reach the merits of a claim of ineffective assistance of appellate counsel." *State v. Wogenstahl*, 2024-Ohio-2714, ¶ 21. "Where an application for reopening is not timely filed and the application fails to allege good cause for the delay, the application must be denied." *State v. Chandler*, 2022-Ohio-1391, ¶ 9 (8th Dist.). Evans has failed to show good cause necessary to excuse the significant delay in the filing of his application and, therefore, his application must be denied.

{¶ 9} Application denied.

_____
WILLIAM A. KLATT, JUDGE*

KATHLEEN ANN KEOUGH, P.J., and
EILEEN A. GALLAGHER, J., CONCUR

(*Sitting by assignment: William A. Klatt, J., retired, of the Tenth District Court of Appeals.)