[Cite as *State v. Garcia-Toro*, 2026-Ohio-1761.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | No. 107940 |
| v. | : | |
| CARLOS GARCIA-TORO, | : | |
| Defendant-Appellant. | : | |

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** APPLICATION DENIED
**RELEASED AND JOURNALIZED:** May 8, 2026

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-17-621593-A
Application for Reopening
Motion No. 593862

---

***Appearances:***

Carlos Garcia-Toro, *pro se*.

LISA B. FORBES, J.:

{¶ 1} On March 27, 2026, Carlos Garcia-Toro ("Garcia-Toro") applied to reopen this court's judgment in *State v. Garcia-Toro*, 2019-Ohio-5336 (8th Dist.),

in which this court affirmed Garcia-Toro's convictions and sentence for aggravated murder and attempted murder.[1]

{¶ 2} Pursuant to App.R. 26(B) and *State v. Murnahan*, 63 Ohio St.3d 60 (1992), a defendant in a criminal case may apply to reopen an appeal from a judgment of conviction and sentence based on a claim of ineffective assistance of appellate counsel. The appellate rules impose time restraints on such applications. "AppR. 26(B)(1) and (2)(b) require applications claiming ineffective assistance of appellate counsel to be filed within 90 days from journalization of the decision unless the applicant shows good cause for filing at a later time." *State v. Crawford*, 2025-Ohio-2591, ¶ 2 (8th Dist.). "The existence of good cause is a threshold issue that must be established before an appellate court may reach the merits of a claim of ineffective assistance of appellate counsel." *State v. Wogenstahl*, 2007-Ohio-4792, ¶ 7.

{¶ 3} Garcia-Toro's March 27, 2026 application is untimely under App.R. 26, having been filed more than six years after this court's 2019 decision affirming his conviction and sentence. Attempting to show good cause for his late filing, Garcia-Toro argues that appellate counsel did not inform him of the 90-day deadline to apply to reopen this appeal. He also asserts that he has had limited access to a library, inhibiting his ability to prepare his application.

---

[1] *Discretionary appeal not allowed, 04/14/2020 Case Announcements*, 2020-Ohio-1393, *State v. Garcia-Toro,* No. 2020-0202, *cert. denied,* ___ U.S. ____, 141 S.Ct. 575 (2020).

{¶ 4} We are not persuaded by these arguments. An applicant's lack of legal training and ignorance of procedures related to reopening an appeal does not constitute good cause for an untimely filing. *State v. Evans*, 2026-Ohio-448, ¶ 7 (8th Dist.); *accord State v. Farrow*, 2007-Ohio-4792, ¶ 6 (Applicant "cannot rely on his own alleged lack of legal training" to demonstrate good cause for noncompliance with 90-day deadline to reopen his appeal.). We have also "rejected, on numerous occasions, 'claims that . . . library limitations constitute good cause for untimely filing.'" *Evans*, quoting *State v. Tomlinson*, 2022-Ohio-2575, ¶ 12 (8th Dist.).

{¶ 5} Lastly, we note that Garcia-Toro alleges his counsel "went rogue and filed . . . Supreme Court Jurisdictional Appeals and a federal Habeus Corpus" without Garcia-Toro's knowledge. The Ohio Supreme Court has "rejected the argument that continued representation provide[s] good cause" for a late application to reopen an appeal from conviction and sentence. *Crawford*, 2025-Ohio-2591, at ¶ 5 (8th Dist.). *See State v. Gumm*, 2004-Ohio-4755, ¶ 8-9, quoting *State v. Davis*, 86 Ohio St.3d 212, 214 (1999) ("To be sure . . . 'counsel cannot be expected to argue their own ineffectiveness.' Other attorneys — or [the Applicant] himself — could have pursued the application, however.").

**{¶ 6}** We do not find that Garcia-Toro demonstrated good cause for his late filing. Accordingly, we deny the application to reopen.

_____
LISA B. FORBES, JUDGE

MICHELLE J. SHEEHAN, A.J., and
SEAN C. GALLAGHER, J., CONCUR